## PRYOR v. BRIGGS MANUFACTURING CO.

1. MASTER AND SERVANT—CONTRACT FOR NO DEFINITE PERIOD A HIRING AT WILL.
   A contract of employment that is for no definite period is a hiring at will and may be terminated at any time by either party without notice.

2. SAME—TERM OF SERVICE—QUESTION OF FACT—EVIDENCE.
   The length of the term of service reasonably inferable as the understanding of the parties to a contract of employment, from their words, course of dealing and other acts, is a fact to be determined upon all the evidence.

3. EVIDENCE—JUDICIAL NOTICE—TEACHERS.
   It is generally known that regular teachers are hired by the year or month or for a definite term.

4. STIPULATIONS—PARTIES.
   Where case is decided by the trial court upon stipulation of facts the parties are bound thereby and may not go beyond facts so stipulated.

5. MASTER AND SERVANT—PERIOD OF EMPLOYMENT—TIME UNIT FOR PAY—OTHER EVIDENCE.
   The fact that a servant or other agent is employed under a contract which merely specifies a salary proportionate to units

of time which are commonly used for the purposes of accounting or payment, such as a month or a year, does not, of itself, indicate that the parties have agreed that the employment is to continue for the stated length of time, but it is evidence which, when taken in connection with other relevant facts, indicates that the agreement is for such unit, such as nature of the service, an important change in employee's circumstances and a custom of the business or a usage by the principal as to periods of employment of which the agent or servant should know.

6. SAME—INSTRUCTOR—NATURE OF SERVICES PERFORMED—HIRING BY MONTH.

Plaintiff who was employed as instructor by defendant manufacturing company in its technical training school at a stated rate per month, payable semimonthly but not stated to be for any definite period of time *held*, entitled to recover for balance of month's salary where it appears that the nature of the services performed by an instructor is such that it is not a hiring at will, but by the month.

7. SAME—PAYMENT PERIOD—NATURE OF APPOINTMENT.

An agreement for employment for the period of time mentioned as that for payment, or as the basis for payment, is indicated if the agency is an important one and of a kind such that a temporary appointment would not be likely to be made.

NORTH, SHARPE, and BOYLES, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 5, 1945. (Docket No. 60, Calendar No. 42,821.) Decided October 8, 1945. Rehearing denied December 3, 1945.

Assumpsit by Roger Pryor against Briggs Manufacturing Company, a Michigan corporation, for salary. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Roger Pryor, in pro. per.*

*Beaumont, Smith & Harris (George C. Johnson,* of counsel), for defendant.

BUTZEL, J. The parties in the instant case entered into a stipulation of facts and waived a jury trial.

No testimony therefore was taken. The facts that are pertinent on appeal are as follows. On July 28, 1943, plaintiff was employed by defendant as an instructor in its technical training school at the rate of $263 per month, payable semimonthly. Such employment was not stated to be for any definite period of time. Plaintiff performed his duties as instructor until September 1, 1943, when he was transferred with no change in salary to the service department where he remained until October 30, 1943, when he was informed that his services would no longer be needed. He was discharged and paid to October 30, 1943, the date of his discharge. He demanded his salary for the balance of the monthly period ending November 28, 1943. Upon defendant's refusal, suit was brought and the judge rendered a judgment in favor of plaintiff for $251.25 and costs.

Defendant on appeal claims that there is nothing to take the case out of the rule it contends for, *i.e.,* that a person employed for an indefinite period may be discharged at will at any time, and the mere naming of a salary or wages by the month is only indicative of the pay the employee is to receive and does not indicate any definite period of employment. The trial judge held that the hiring of an employee by the month without any other testimony as to the term of hiring created a presumption that the person was hired by the month, and when there is no testimony to overcome this presumption, the plaintiff is entitled to recover the salary for the balance of the month. Because of the importance of the question, we allowed an appeal.

Defendant, as appellant, has presented most thorough and scholarly briefs. In its main brief it has strictly adhered to Court Rule No. 68, § 5 (1945), by printing in alphabetical order an indexed list of the cases with appropriate citations of reports.

This covers 11 pages. Plaintiff also has filed excellent briefs with a large number of citations. We only mention this to show that the courts of the various States disagree on the question though plaintiff concedes that possibly the weight of authority upholds defendant's contention, but insists that in many cases cited by defendant there are other facts and circumstances that were taken into consideration.

The conflict in the decisions prompted the two States of California and Georgia to enact statutes covering the subject. Labor Code of California 1937, § 3001,* is as follows:

"A servant is presumed to have been hired for such length of time as the parties adopt for the estimation of wages. A hiring at a yearly rate is presumed to be for one year; a hiring at a daily rate, for one day; a hiring by piece work, for no specified time."

The Georgia Code of 1933, § 66–101,† is as follows:

"That wages are payable at a stipulated period raises the presumption that the hiring is for such period; but if anything in the contract shall show that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring may be terminated at will by either party."

Obviously we look to the decisions of our State, where the question has often been presented in some form. Defendant insists that the case of *O'Connor v. Hayes Body Corp.*, 258 Mich. 280, is decisive. In the course of the opinion, it was said:

"The contract of employment, being for no definite period, was a hiring at will and could have been

* This provision was first enacted in California in 1872.—REPORTER.
† This provision appears in the Georgia Code of 1895, § 2614.—REPORTER.

terminated at any time, by either party without notice. It was not terminated as a matter of law by the closing of the factory and the subsequent employment of plaintiff as a day watchman, if the parties agreed to the continuation of compensation as claimed by plaintiff."

It will, however, be noted upon reading the briefs and records in this case that plaintiff nowhere contended that he had more than a contract for an indefinite period. The case did not raise the point involved in the instant one. The decisive question was whether changing the rates in pay and type of work terminated the original hiring that provides for a specific amount per month. Plaintiff recovered and the judgment was affirmed by this court.

On the other hand, plaintiff relies upon a number of other cases, but we again find that the question has not yet been squarely ruled upon under facts similar to those here presented. One of the main cases which has been frequently quoted is that of *Loew* v. *Hayes Manufacturing Co.*, 218 Mich. 595, where previous negotiations wound up in a letter in which an employer wrote to the employee that it would pay him $6,000 the first year, $6,600 the second year and $7,200 the third year, but the letter began with the statement:

"All statements or agreements contained in this letter are contingent on strikes, accidents, fires or any other causes beyond our control."

It seemed very unlikely to make this condition if the contract were only one at will. Appellant herein claims that other circumstances leading up to the writing of the letter dispel any ambiguity in the letter and show that the intention of the parties was to bind them for a term of three years. The court quoted from the case of *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1 (85 N. E. 877), which

favors the claims of plaintiff in the instant case. Massachusetts is one of the minority States which favors plaintiff's claims.   Appellant has analyzed the case of *Maynard* v. *Royal Worcester Corset Co., supra,* and calls attention to the following words which it regards as significant:

"The length of the term of service reasonably inferable as the understanding of the parties, from their words, course of dealing and other acts, was a fact to be determined upon all the evidence."

The court in the *Maynard Case* seemed to recognize that there were other facts in the case in addition to the mere renewal of employment for a period of an additional year at a salary of $5,000 a year, payable weekly.

Possibly the strongest case in Michigan is *Southwell* v. *Parker Plow Co.,* 234 Mich. 292, which, however, relies upon *Loew* v. *Hayes Manufacturing Co., supra,* and cites a number of cases in this State which it is claimed have a tendency to sustain the Massachusetts rule that has been followed by the highest courts of a minority of States and for which rule plaintiff contends.

The trial court after reviewing many of the Michigan cases concluded that the various decisions leave the question of time of termination of a contract of employment, where only the amount of salary at a certain rate by the month is mentioned, in a state of uncertainty.   We turn to 2 Restatement of the Law of Agency, § 442, comment "b," which states as follows:

"The fact that a servant or other agent is employed under a contract which merely specifies a salary proportionate to units of time which are commonly used for the purposes of accounting or payment, such as a month or a year, does not, of itself, indicate that the parties have agreed that the em-

ployment is to continue for the stated unit of time. Such a specification merely indicates the rate at which the salary is earned or is to be paid, and either party is privileged to terminate the relationship at any time unless further facts exist. However, the fact that payment is to be made in accordance with a time unit is evidence, in connection with other relevant facts, indicating that the agreement is for such unit. Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if one party pays consideration aside from his promise to employ or to serve; or if the agency is an important one and of a kind such that a temporary appointment would not be likely to be made; or if, as the principal has notice, the employee has made an important change in his general relations in order to accept the position, such as the removal of himself and his things to a new place; or if he has given up a position of some value in order to enter the employment. In the absence of other facts, a custom in the business of which the parties should know, or a usage by the principal as to periods of employment of which the agent should know, is controlling.''

The Michigan annotations to the Restatement of the Law of Agency omitted reference to the decision in *O'Connor* v. *Hayes Body Corp., supra,* which defendant claims is decisive of the law of this State.

Notwithstanding this conflict of authorities and the contention of the parties as to whether the court has stated the rule for this State under similar facts, we find on one phase of the question the courts do agree. This court of its own volition asked for briefs on the further question whether, inasmuch as under the statement of facts plaintiff was originally hired as an instructor in defendant's technical training school at the rate of $263 per month, did not the nature of his employment indicate that he was to be hired by the month? It is generally known that

regular teachers are hired by the year or month or for a definite term. Plaintiff was not hired as a day laborer but as an instructor. It is true that later his duties were changed but it is not claimed, and the stipulation of facts does not show, that there was any change in the salary or term of employment. Defendant in its supplemental brief attempts to belittle the importance of plaintiff's original position, and to do this, goes outside the record. The case was decided upon the stipulation of facts and the parties are bound thereby, and may not go beyond them. *Tirrill* v. *Miller,* 206 Iowa, 426 (218 N. W. 303). The rule as laid down in the section of the Restatement of the Law of Agency quoted, states:

"Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if  *  *  *  the agency is an important one and of a kind such that a temporary appointment would not be likely to be made."

In *Chamberlain* v. *Detroit Stove Works,* 103 Mich. 124, we stated that the term of employment depended, among other things, upon the "nature of the services performed." We believe that the fact that plaintiff was hired as an instructor at a certain sum per month is all important because the nature of the services performed by an instructor is such that it is not a hiring at will, but by the month, as may be implied by the fact that he was hired for a definite amount per month. With the added fact considered, we believe that plaintiff is entitled to recovery.

Judgment affirmed, with costs to plaintiff.

STARR, C. J., and BUSHNELL, and REID, JJ., concurred with BUTZEL, J.

BOYLES, J. (*dissenting*). I do not agree with the conclusion reached by Mr. Justice BUTZEL. De-

cision in this case should be based on the stipulated facts without adding inferences and conclusions of fact by the court. Mr. Justice Butzel reaches his result by drawing the inference that plaintiff's employment "*as an instructor* in defendant's technical training school at the rate of $263 per month, payable semimonthly" is of such a nature that this establishes that the hiring was by the month. But this theory does not find much support in the case cited and relied upon to support it, *Chamberlain* v. *Detroit Stove Works,* 103 Mich. 124, where the "nature of the services performed" by the plaintiff was as the secretary of a corporation, employed by the directors at an annual salary of $5,000. In the case at bar, we can only speculate as to the nature of the services performed by plaintiff as an instructor. Furthermore, this loses force as an added fact because plaintiff's services as an "instructor" were terminated at the end of the first month of his employment, at which time he voluntarily accepted other work during the ensuing two months. Nor do we know the nature of his services in the "service department" to which he transferred after the first month as an "instructor," and where he then worked for the ensuing two months. The fact that plaintiff was originally employed as an "instructor" for approximately one month should not, in my opinion, tip the scales in favor of deciding that his hiring was from month to month.

In this case, the bare facts on which we must base decision are stipulated * as follows:

"1. That the plaintiff and appellant * was employed on July 28, 1943, by defendant and appellee,

---

\* This stipulation was filed in the circuit court on an appeal by plaintiff from the court of common pleas of the city of Detroit. It will be observed that the plaintiff, referred to as appellant in the stipulation, is the appellee in this Court.

as an instructor in defendant's technical training school at the rate of $263 per month, payable semi-monthly;

"2. That such employment was not stated to be for any definite period of time;

"3. That the plaintiff and appellant performed his duties as an instructor until September 1, 1943, when he was transferred with no change in salary to the service department where he remained until October 30, 1943;

"4. That on October 30, 1943, defendant and appellee informed plaintiff and appellant that his services would no longer be needed, and he was discharged at the end of his work on that date;

"5. That defendant and appellee paid the plaintiff and appellant up to and including October 30, 1943."

The precise question we are called upon to decide, based on the above agreed facts, is whether these facts, standing alone, establish a hiring from month to month, as a matter of law.

I agree that circumstances alter cases, and the scores of authorities cited by counsel for both parties in their several briefs, including those referred to by Mr. Justice BUTZEL, are based on differences in circumstances. A volume might be written in an attempt to distinguish or reconcile them.

In this case, plaintiff worked three months, viz: August, September and October, and was paid for each of the three months. He sues to recover pay for another month—November. This case is controlled by the first part of the statement of law quoted by Mr. Justice BUTZEL from 2 Restatement of the Law of Agency, § 442, comment "b," as follows:

"The fact that a servant or other agent is employed under a contract which merely specifies a salary proportionate to units of time which are commonly used for the purposes of accounting or pay-

ment, such as a month or a year, does not, of itself, indicate that the parties have agreed that the employment is to continue for the stated unit of time. Such a specification merely indicates *the rate at which* the salary is earned or is to be paid, and either party is privileged to terminate the relationship at any time unless further facts exist.''

In the instant case, the defendant did not agree to pay plaintiff ''$263 per month.'' According to the stipulated facts, *the rate at which* plaintiff was to be paid was ''at the rate of $263 per month, payable semimonthly.'' The *rate* of payment was fixed as $263 per month, but if we consider the unit of time for payment as fixed by the agreement it is equally conceivable that the unit of employment was semimonthly.

As stated by Mr. Justice Butzel, it seems to be conceded that the weight of authority upholds the defendant's contention that the law as above quoted applies to this case. I see no circumstances in this case which should impel us to adopt a contrary viewpoint, and thus to hold that plaintiff must be given a month's notice before his employment could be legally terminated.

Judgment should be set aside without a new trial. Appellant having stipulated to waive costs, none should be taxed.

North and Sharpe, JJ., concurred with Boyles, J.

The late Justice Wiest took no part in the decision of this case.