McPHERSON *v.* ERVIN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STIPULATIONS—EVIDENCE.

The entry into a stipulation in open court by counsel whereby it was agreed to submit case upon exhibits received in evidence rendered it unnecessary to consider questions raised by counsel relating to the admissibility of testimony previously received.

2. STIPULATIONS—EVIDENCE.

Parties who enter into a stipulation in open court relative to evidence are bound thereby.

3. DIVORCE—CONSTRUCTION OF DECREE—PROPERTY SETTLEMENT—ESTATES OF DECEDENTS.

Administrator of the estate of deceased husband *held,* entitled to file petition for interpretation of provision of decree of divorce relative to property settlement whereby he was possessed of a right to purchase realty that had been ordered conveyed to the wife by paying $6,500 therefor at rate of $100 per month, he had made such monthly payments during his lifetime, and had also paid the taxes, his interest under the decree being comparable to that of a land-contract purchaser, a right inuring to the benefit of his estate.

Appeal from Genesee; Elliott (Philip) and McGregor (Louis D.), JJ. Submitted December 22, 1960. (Docket No. 98, Calendar No. 48,589.) Decided February 28, 1961. Rehearing denied April 26, 1961.

Divorce action, formerly in the name of Thedora A. Johnson against Ronald Johnson, in which decree

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 819, 874.
[2] 50 Am Jur, Stipulations §§ 9, 16.

for plaintiff was entered, with case continued in the
name of Thedora A. McPherson, plaintiff, and Ellis
Ervin, administrator of the estate of Ronald John-
son, deceased, defendant.   Defendant Johnson, be-
fore death, partially completed terms of property
settlement agreement incorporated in the decree.
Bill by defendant administrator for construction of
property settlement agreement to give administra-
tor the right to complete purchase of real estate.
Decree for defendant administrator.  Plaintiff ap-
peals.   Affirmed.

*Leon A. S. Seidel (Richard C. Fruit,* of counsel),
for plaintiff.

*Skinner & Joseph,* for defendant.

CARR, J.   Plaintiff herein was divorced from
Ronald Johnson by decree of the circuit court of
Genesee county, filed July 8, 1955.   Prior thereto
the parties entered into a property settlement stipu-
lation which was duly approved by the court and
incorporated in the decree.   The instant proceeding
involves the interpretation of certain provisions of
said settlement having reference to the rights of
the parties in real estate located in the city of Flint,
Michigan.   The defendant was required to convey
all his right, title, and interest, in and to said prop-
erty to the plaintiff, and it appears that he executed
a deed accordingly.   However, defendant was given
the right to purchase the property from plaintiff
by paying her the sum of $6,500 therefor, with the
privilege of making payments at the rate of $100
per month, without interest, until the total considera-
tion was paid.   The agreement also stipulated that
on the payment of $100 per month defendant might
have the use of the premises beginning October 1,

1956. No limitation was placed on the period during which such use might continue.

Tending to throw light on the claims of the parties, the following provisions relating to their rights and obligations, set forth in the property settlement as incorporated in the decree, are significant:

"It is further ordered, adjudged and decreed that in the event defendant does not make payments and becomes delinquent then it is decreed that the plaintiff, Thedora A. Johnson, by giving notice to the defendant at his last known place of residence, in writing, may either sell or mortgage the said premises by giving a notice to the defendant, in writing, by mailing it to his last known place of residence, at least 30 days from the date of such mailing to either continue his payments each month or to buy said property by paying the difference between the sum of $6,500 and the monthly payments which he may have made.

"Further, that in the event defendant does not make regular payments as above ordered, then if it becomes necessary for plaintiff herein to mortgage the said premises, she shall do so, provided that she gives the defendant notice in writing of her intention to do so. She shall mail said notice to the defendant's last known place of residence. If he does not resume the payments within 30 days after the mailing of said notice the plaintiff may mortgage or sell the said premises.

"And it is further ordered, adjudged and decreed that if it becomes necessary for the plaintiff to mortgage said premises and later is not able to make payments in accordance with the terms of the mortgage, and foreclosure proceedings are imminent, then in that case, the defendant may pay the mortgage and receive credit on the payments provided for herein; it being understood that the defendant [plaintiff] will not mortgage the premises for more than is due under the terms of this decree; nor unless the plaintiff [defendant] defaults in his pay-

ments. In case of such mortgage, plaintiff [defendant] shall also pay the interest charges."

Following the granting of the decree of divorce plaintiff remarried, and defendant did likewise. The latter continued in possession of the property, making payments at the stipulated rate of $100 per month until his death in December, 1958. A total of $2,700 was so paid, leaving the sum of $3,800 still unpaid on the total purchase price of the property as fixed by the settlement and the decree. Apparently a controversy arose with reference to the right of the estate of Ronald Johnson to complete the payments and receive a conveyance of the property; and the administrator filed a petition in circuit court seeking an interpretation of the decree and a declaration as to the rights of the respective parties. On the hearing of the matter before the circuit judge counsel for Mrs. McPherson challenged the right of the administrator to file the petition, and further claimed that the right given to Mr. Johnson to purchase the property was personal to him and that the estate was not entitled to obtain a conveyance of the property on completion of the payments fixed as consideration for the purchase.

It was shown, by exhibits, that Mr. Johnson had made 27 monthly payments in the sum of $100 each prior to his death, and that in addition thereto he had paid the taxes on the property. It may be noted in this connection that neither the stipulation nor the decree as entered contained any mention with reference to taxes. Some oral testimony was also introduced in an attempt to throw light on the understanding of the parties. Presumably because of objections made to the competency of such testimony, counsel for the parties entered into a stipulation in open court under date of October 19, 1959, in the

form of a colloquy between court and counsel, which appears in the record as follows:

"*The Court:* I understand that you want to make a stipulation?

"*Mr. Joseph:* Yes, Your Honor. My understanding of the stipulation is that the testimony of the witness previously introduced in this case will be dismissed and that the case will be decided solely upon the exhibits.

"*The Court:* But the exhibits will be considered as received.

"*Mr Seidel:* Those checks, yes, that went into the evidence.

"*Mr. Joseph:* Yes.

"*The Court:* There were checks, there were some tax payments.

"*Mr. Seidel:* There were some tax bills.

"*The Court:* The checks and the tax bills show that the husband paid the taxes while he was living on the property subsequent to the divorce decree and until his death, that is, the tax bills that were sent.

"*Mr. Seidel:* Yes, after he had been in the premises 10 months, that is what it was, 10 months after he had been in the premises 10 months.

"*The Court:* Were there any taxes that she paid subsequent to the decree? If so, you may put them in.

"*Mr. Seidel:* I don't think there was.

"*Mr. Joseph:* He paid all the taxes after the decree was entered, Your Honor."

In view of the stipulation it becomes unnecessary to consider questions raised by counsel relating to the admissibility of the testimony previously offered. The trial court determined the controversy on the basis of the files of the court in the divorce suit and the exhibits introduced on the hearing. The parties were bound by their stipulation. *Pryor* v.

*Briggs Manufacturing Co.,* 312 Mich 476 (161 ALR 699).

The circuit judge concluded that under the language of the property settlement, as embodied in the decree of the court, Mr. Johnson was given the right to purchase the property from his former wife for the sum of $6,500, that his payments of $100 per month for 27 months were made in the exercise of such right, and that the fact that he paid the taxes on the property indicated that he was not merely exercising the option to rent the premises indefinitely. The following provisions from the order entered summarized the findings:

"The court further finds that the title of the property is in the said Thedora A. Johnson and that the defendant, Ronald Johnson, was purchasing said property for the sum of $6,500, that he had paid 27 monthly payments of $100 and that at the time of his death on the 4th day of December, 1958, he had paid the sum of $2,700, that he was not in arrears at the time of his death and that said Ronald Johnson owed Thedora A. Johnson the sum of $3,800 at the time of his death.

"The court further finds that Ellis Ervin, administrator of the estate of Ronald Johnson, succeeds to the rights of the deceased and that upon payment to the plaintiff of the $100 [per month] from the date of the decease of the defendant to the present time and the resumption of payments of $100 per month at that time until the balance of $3,800 which was owed by the defendant to the plaintiff at the time of his death is paid, that the administrator or the heirs of the deceased shall be entitled to a deed to the property in the same manner as though the defendant was purchasing the property on a land contract."

The estate was given a 90-day period after the order became final in which to pay arrearages accruing after the death of Mr. Johnson.

Our consideration of the record brings us to the conclusion that the circuit judge properly disposed of the questions in dispute. The agreement entered into between the parties to the divorce suit, and approved by the court, clearly contemplated that Mr. Johnson, if he so desired, could have the use of the property on the payment of $100 per month, or that he could purchase it from his former wife by making monthly payments in said sum until the total consideration of $6,500 had been paid. On the completion of such payments he would, of course, have been entitled to a deed. The payment of taxes strongly suggests that Mr. Johnson considered that he was, as a practical proposition, in a position analogous to that of a vendee under an ordinary land contract. It is a fair inference from the record that the exercise of the right to purchase the property for the consideration named was more advantageous to him than the privilege of using it on the basis of a monthly rental. Under the circumstances it was logical for him to exercise the privilege of buying the property rather than renting it.

Construed in its entirety, it is apparent that in the making of their stipulation with reference to property rights the parties considered that Mr. Johnson might, by so electing, claim legal rights substantially equivalent in nature to those possessed by a purchaser under the ordinary form of land contract. The provisions above quoted tend to support such conclusion. We are in accord with the view of the trial judge that Mr. Johnson acquired rights that on his death inured to the benefit of his estate. He was not vested with a legal title in and to the property, but had he lived he might have acquired that title by the exercise of the rights and the performance of the obligations specified in the property settlement and the decree. As the repre-

sentative of the estate the administrator was entitled to file his petition for an interpretation of the decree and a declaration of the rights and duties of the parties thereunder.

The decree is affirmed, with costs to the estate.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.