UNITED STATES of America,
Plaintiff-Appellee,

v.

Alex HARDING, a/k/a Mark Harding,
Defendant-Appellant.

No. 72-1648.

United States Court of Appeals,
Tenth Circuit.

Submitted Dec. 21, 1973.

Decided Jan. 28, 1974.

William K. Hickey, First Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Edward H. Sherman, of Sherman & Sherman, P. C., Denver, Colo., for defendant-appellant.

Before HILL and DOYLE, Circuit Judges, and BRATTON, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

The above case has been remanded to this court following the grant by the Supreme Court of a petition for writ of certiorari. The Supreme Court has vacated the judgment and has remanded to this court for further proceedings in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), together with the other decisions of the Supreme Court rendered simultaneously and also dealing with the obscenity issue.

Harding had been convicted in the United States District Court on a charge of knowingly receiving from an express company or other common carrier "obscene . . . or other matter of indecent character . . ." which had been transported in interstate commerce contrary to 18 U.S.C. § 1462. During the Harding trial the defendant, through his present attorney, stipulated with the prosecution that the subject matter involved was obscene. Following conviction the judgment was appealed to this court and was affirmed in United States v. Harding, 475 F.2d 480 (1973).

There can be no question about the constitutionality of the statute in question since it has been upheld in United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973). Accordingly, the only issue which we need consider here now is the question whether the material involved in the Harding conviction was in fact obscene.

First, we consider whether the stipulation as to the obscene character of the material is to be regarded as invalid. The majority opinion in *Miller* recognizes that obscenity is a fact question which is to be determined by the jury on the basis of standards fixed by the trial judge. *See* Miller v. California, *supra*, 93 S.Ct. at 2615, 2618, 2619. We perceive no invalidity in stipulating to this matter of fact. See United States v. Harding, *supra*, 475 F.2d at 484, and *see also* United States v. Campbell, 453 F.2d 447 (10th Cir. 1972). The latter decision ruled that a stipulation as to "jointly possessed" was a fact susceptible to stipulation. Like the ultimate fact in controversy it is based on legal guidelines.[1]

As we view it, the stipulation to obscenity is in effect a limited plea of guilty and there is no reason why this should not be permissible if it is done freely and voluntarily.

Second, we consider whether the modified standards contained in the *Miller* decision are capable of changing our view of the validity of the stipulation or the validity of the conviction. Relief can be granted from a stipulation in order to prevent manifest injustice. With that in mind we consider whether the change in the law has produced a changed condition which might call for

---

1. In *Campbell* this court said:

Stipulations as to facts freely and voluntarily entered into during trial are the equivalent of proof and on appeal neither party will be heard to suggest that the facts were other than as stipulated. Pryor v. Briggs Mfg. Co., 312 Mich. 476, 20 N.W.2d 279 (1945). For general background information concerning the conclusiveness of stipulations, *see* 50 Am.Jur. 610.

453 F.2d at 451.

the granting of relief from the stipulation.

The pre-*Miller* law or judicial guideline which was in effect when the accused here entered into the stipulation was the so-called *Roth-Memoirs* test which in its definition of obscenity set forth three elements which the prosecution had to establish:

1. That the dominant theme of the material taken as a whole appeals to a prurient interest in sex.

2. That the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters.

3. The material is utterly without redeeming social value.

In *Miller* the majority of the Court rejected the above mentioned test and set new guidelines as follows:

(a) Whether the average person applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest.

(b) Whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law.

(c) Whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

The Court rejected the standard of "utterly without redeeming social value." The Supreme Court declared that the limitations thus imposed were adequate to protect First Amendment rights, particularly in view of the existence of appellate power allowing an independent review of constitutional claims.[2]

■ We conclude from reading *Miller* that the new standards are less exacting to the prosecution. Thus, proof of obscenity is much less difficult under these standards. We believe that material found to be obscene under the *Roth-Memoirs* test would unquestionably satisfy the test contained in *Miller*. Cf. United States v. Cote, 485 F.2d 574 (5th Cir. 1973); United States v. One Roll of Film, 481 F.2d 206, 209 (1st Cir. 1973).

We recognize that the cases cited above (*Cote* and *One Roll of Film*) did not involve a stipulation of obscenity. The courts there were able to examine the actual material and to make a judicial determination and say that if the material satisfied the *Roth-Memoirs* test, then *a fortiori* it satisfied the *Miller* test.

Noteworthy in our case is the fact that the parties stipulated not only to the obscene nature of the materials, but also to the factual description of the materials.

■■ Due to the fact that we do not have materials before us we cannot go beyond this point, and for that reason we deem it necessary to remand the cause to the District Court for the purpose of a hearing at which the court should examine the materials and determine whether these materials are indeed obscene under the *Miller* test.[3] If the court disbelieves or, for that matter, has a reasonable doubt as to whether the materials are obscene under the *Miller* test, then there would exist a basis for relieving the defendant from the stipulation which he entered.

On the basis indicated, the cause is remanded to the District Court for a hearing on the issue last mentioned.

2. In Miller v. California, *supra*, 93 S.Ct. at 2670, the majority opinion said:
    If and when such a "serious doubt" is raised as to the vagueness of the words "obscene," "lewd," "lascivious," "filthy," "indecent," or "immoral" as used to describe regulated material in 19 U.S.C. § 1305(a) and 18 U.S.C. § 1462, . . . we are prepared to construe such terms as limiting regulated material to patently offensive representations or descriptions of that specific "hard-core" sexual conduct given as examples in Miller v. California, *supra* . . .

3. If the materials are not available the court should conduct such hearing as is possible.