**Manuel VALLEJOS, Plaintiff,**

v.

**C. E. GLASS COMPANY and PPG Industries, Inc., Defendants and Cross-Claimants,**

**Wood Bros. Homes, Inc., Defendant-Cross-Claimant-Appellee.**

**C. E. GLASS COMPANY, Third-Party Plaintiff,**

v.

**AMERICAN GLASS & INSULATION, Third-Party Defendant and Cross-Claimant-Appellant.**

No. 76–1688.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 17, 1977.

Decided Sept. 12, 1978.

508

D. James Sorenson, Albuquerque, N. M. (Johnson, Paulantis & Lanphere, Albuquerque, N. M., on brief), for third-party defendant and cross-claimant-appellant.

James C. Ritchie, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., on brief), for defendant-cross-claimant-appellee.

Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

This is an appeal from a judgment granting recovery of attorneys' fees, costs and expenses to the cross-claimant appellee, Wood Bros. Homes, Inc. (Wood Brothers), against American Glass & Insulation (American Glass), a third-party defendant, here the appellant. Recovery was granted under indemnity principles on the ground that American Glass was primarily liable in tort for an injury to the plaintiff Vallejos, who was injured in a fall into a glass shower door. On appeal, American Glass argues that (1) Wood Brothers is not entitled to the recovery awarded it because the fees, costs and expenses awarded include non-recoverable expenses incurred in establishing Wood Brothers' right to indemnity against American Glass, and in prosecuting and defending against claims of other cross-claimants; and (2) no indemnity recovery may be had because Wood Brothers was required to defend against allegations of "independent tortious conduct" in this action.

The original action was instituted by plaintiff Vallejos for his personal injuries.

The action was brought against C. E. Glass Company, PPG Industries, Inc., and Wood Brothers for personal injuries which Mr. Vallejos suffered to his right arm, wrist and hand resulting from a fall against a shower door made of wire mesh glass which broke upon impact. The complaint was based on theories of negligence and strict liability in tort asserted against C. E. Glass Company, the manufacturer of the wire glass, PPG Industries, Inc., distributor of the glass, and Wood Brothers, the contractor which had built and sold the home to Mr. Vallejos.

American Glass, a subcontractor which fabricated the shower door and installed it in the Vallejos' home, was joined as a third-party defendant by C. E. Glass Company upon a claim for indemnity or contribution. Cross-claims for indemnity or contribution were subsequently filed by Wood Brothers and PPG against American Glass. Additionally, Wood Brothers, C. E. Glass and PPG cross-claimed against each other for indemnity or contribution.

Prior to trial of the Vallejos claim, PPG, C. E. Glass, American Glass and Wood Brothers settled with Mr. Vallejos,[1] as well as among themselves. The only claim remaining for trial was the cross-claim of Wood Brothers for indemnity from American Glass. This claim was tried to the court, with evidence being presented by the deposition of Mr. Vigil (the sole proprietor of American Glass) and the testimony of Dr. Fryer (an expert in glass breakage), as well as exhibits and stipulations, in support of the right to indemnity from American Glass as the party primarily liable for the injuries to Mr. Vallejos.

Following the presentation of this evidence the attorney for Wood Brothers offered the following stipulation as evidence on the amount of recovery from American Glass (III R. 34):

MR. RITCHIE: The only other thing I was going to cover were the costs and expenses, and Mr. Sorenson [counsel for American Glass] has agreed to the fact that our evidence would be that our attorney fees and costs in connection with the defense of Wood Brothers, in this action, which would include deposition costs, Dr. Fryer's expense, and so forth, totals $16,838.81. With that, Your Honor, that concludes our evidence in the case and we're prepared to argue our legal position or to submit briefs, whichever the Court would prefer.

After this stipulation was submitted, the court requested counsel for American Glass to proceed. The attorney moved for a directed verdict on the indemnity question (id. at 34–35),[2] and proceeded to state the grounds of his motion in detail. (Id. at 34–40). There was, however, no objection made to the statement of the stipulation, quoted above, and no evidence was offered by American Glass. After stating grounds for the motion going to the merits of the right to indemnity, counsel for American Glass stated there was an exception that there could be no recovery for attorney's services and expenses incurred in establishing the claim for indemnity, and it was argued that no such recovery was possible for defense against the claims of other parties in the case against Wood Brothers. (III R. 37–39). Similar arguments were made by American Glass in its subsequent brief to the trial court. (I R. 159).

After briefs were received from the parties, the court filed a memorandum opinion stating his findings and conclusions that Wood Brothers should recover.

---

1. PPG, C. E. Glass and American Glass settled with Vallejos and obtained from him a release and an agreement that he would not pursue any judgment against Wood Brothers on which Wood Brothers might recover judgment over against one of the other defendants or the third-party defendant. Wood Brothers then entered into a settlement agreement with plaintiff in which Wood Brothers agreed not to include in its claim for indemnity any sums which it had paid to plaintiff. All of the cross-claims were then dismissed, except that Wood Brothers continued its cross-claim against American Glass to recover only its attorneys' fees, costs and expenses.

2. Since the indemnity claim was tried to the court the motion was in effect a motion to dismiss under Rule 41(b), F.R.Civ.P., which likewise applies to trial by the court of a cross-claim. See Rule 41(c).

The court held that under New Mexico law a tortfeasor whose negligence was passive or secondary may recover amounts expended in satisfaction of a claim from another whose negligence was the primary cause of the harm, citing *Morris v. Uhl & Lopez Engineers, Inc.,* 442 F.2d 1247, 1254 (10th Cir.). The court found that having held itself out as a manufacturer and installer of bathroom fixtures such as shower doors, American Glass was chargeable with knowledge of building code requirements; that the "Spraylite" glass used in the shower door did not meet standards of the Albuquerque building code; and that American Glass breached its duty of care in utilizing this weaker glass in the manufacture of the glass door, and was negligent and therefore liable for the damages suffered.

The court further found that although Wood Brothers might have been liable to Mr. Vallejos under theories of strict liability, the facts did not show any independent negligence on the part of Wood Brothers; that the choice of materials was part of American Glass's contractual duty; and that the involvement of Wood Brothers in the litigation and the expenses and attorney's fees incurred were a natural and direct consequence of the negligence of American Glass. The court concluded that Wood Brothers was entitled to indemnity from American Glass, including compensation for reasonable and necessary attorney's fees, citing *Safway Rental & Sales Co. v. Albina Engine & Machine Works,* 343 F.2d 129 (10th Cir.); *Dinkle v. Denton,* 68 N.M. 108, 359 P.2d 345; and Annotation, Damages—Attorney Fees, 45 A.L.R.2d 1184.

On the basis of these findings and conclusions the court entered judgment for Wood Brothers against American Glass in the amount of $16,838.81, the figure stated in the stipulation submitted by Wood Brothers at the conclusion of the trial, and this appeal followed.

American Glass argues on appeal that Wood Brothers is not entitled to recover the expenses incurred in establishing its right to indemnity from American Glass, nor is it entitled to recover from American Glass its expenses incurred in prosecuting or defending against cross-claims made by other defendants. American Glass argues, therefore, that the trial court erred because its award included amounts covering these non-reimbursable items. Wood Brothers responds that American Glass is bound by its stipulation regarding proof of damages because it failed to object to the stipulation and failed to present other evidence of attorneys' fees.

It is true that in connection with indemnity claims recovery may generally be had for attorneys' fees and expenses incurred in defense against the principal claim, but not for those incurred in establishing the right of indemnity. See, *e. g., Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 491 F.2d 192, 198 n. 9 (8th Cir.); *Becker v. Central Tel. & Util. Corp.,* 365 F.Supp. 984, 990 (D.S.D.); *Grigsby v. Coastal Marine Service of Texas, Inc.,* 317 F.Supp. 1113, 1116 (W.D.La.); *Williams v. California Co.,* 289 F.Supp. 376, 380 (E.D. La.); *McDonough Constr. Co. v. H. B. Fowler & Co.,* 281 F.Supp. 90, 95 (E.D.La.); *General Electric Co. v. Mason & Dixon Lines, Inc.,* 186 F.Supp. 761, 766 (W.D.Va.). The burden of proof is on the plaintiff to establish the damages which flowed from the injury. *Rochez Bros. Inc. v. Rhoades,* 527 F.2d 891, 894 (3d Cir.), cert. denied, 425 U.S. 993, 96 S.Ct. 2205, 48 L.Ed.2d 817. We feel that Wood Brothers satisfied its burden by virtue of the stipulation as its proof on attorneys' fees and costs "in connection with [its] defense" (III R. 34).

As a general rule, a stipulation is a judicial admission binding on the parties making it, absent special considerations. *John McShain, Inc. v. United States,* 375 F.2d 829, 831, 179 Ct.Cl. 632; Here the stipulation was to the effect that Wood Brothers' evidence would be that attorney's fees and costs in connection with its defense "in this action which would include deposition costs, Dr. Fryer's expense, and so forth, [total] $16,838.61," (I R. 34).[3] Wood Broth-

---

3. In its reply brief, p. 1, American Glass states that:

It is undisputed that the oral stipulation referred to in the Appellant's and the Appel-

ers relied on the stipulation as proof of damages, and American Glass made no objection and offered no contrary proof.[4] The trial court accepted the stipulation as proof and we see no reason to relieve American Glass from the stipulation. The stipulation simplified the proof on a factual question and did not purport to bind the court on a point of law.[5] See *Equitable Life Assurance Society v. MacGill,* 551 F.2d 978, 983–84 (5th Cir.); *United States v. Waterman Steamship Corp.,* 397 F.2d 577, 579 (5th Cir.). There was no showing of special circumstances, such as a change of conditions, justifying relief from the stipulation to prevent manifest injustice. See *United States v. Harding,* 491 F.2d 697, 698–99 (10th Cir.); cf. *Westinghouse Electric Corp. v. Adams,* 570 F.2d 899, 902 (10th Cir.).

The fact is that American Glass through its counsel agreed in court to a figure representing Wood Brothers' proof on "attorney fees and costs in connection with the defense of Wood Brothers . . ." (III R. 34). It is true that the stipulation stated that the figure included deposition costs and the expert's expenses; it is further true that the Vigil deposition and Dr. Fryer's opinion were used to establish the indemnity claim. As worded, however, the stipulation covered only the *"defense"* of Wood Brothers in this action, and it is a fair inference that only proper portions of costs were taken into account and that the amounts stated did not cover costs of establishing the indemnity claim.[6]

■ We realize that during the statement of its motion for a directed verdict and later in its brief to the trial court the argument was made that recovery could not be had for attorney's fees and expenses incurred in establishing the claim to indemnity. However, the proper time to object to the admission of evidence such as the stipulation was at the time it was offered. See Rule 103(a)(1), F.R.E. A motion arguing that the opposing party "has shown no right to relief," Rule 41(b), F.R.Civ.P.,[7] is not the place for such an objection. And more importantly, at that point the evidence had gone in and Wood Brothers had submitted the case in reliance on the stipulation without producing witnesses to make the type of proof later demanded. See *L. P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co.,* 253 F. 914, 918 (7th Cir.); *Bruno New York*

lee's Briefs-in-Chief was binding upon both Wood Bros. and American Glass and that it was evidence which the trial court could properly consider. Since Wood Bros. concedes that it was entitled to recover only the attorneys' fees, costs and expenses incurred solely in the defense of the claim of Manuel Vallejos, the only issue left to be decided is whether that stipulation, which is the sole evidence of damages, supports the award made by the trial court.

4. It should be pointed out that counsel for American Glass should not have been misled by the stipulation as worded by counsel for Wood Brothers. Inclusion of deposition costs and the expert's expenses was spelled out clearly.

5. The parties did not, for example, agree that, should Wood Brothers prevail on the merits of the indemnification claim, it would be entitled to recover its legal expenses connected with that claim.

6. Although it is obvious that the deposition of Mr. Vigil and the expert opinion of Dr. Fryer

were used to establish Wood Brothers' right to indemnity against American Glass (III R. 15–23, 25–32), that does not mean that they were not also obtained for the purpose of the defense of Wood Brothers. On this record we cannot tell to what extent they were thus used. We feel, however, that the fair inference is that a proper apportionment between handling the defense and indemnification claims was made in arriving at the figure stated in the stipulation.

We cannot say that some fair apportionment of the fees was not made or was not possible. For this reason we feel that *Sun Indemnity Co. of New York v. Landis,* 119 Colo. 191, 201 P.2d 602, relied on by American Glass, is not in point. The court there concluded it would be patently impossible to apportion the fees with any degree of certainty (id., at 604), which the record does not establish in this case. Nor was there any stipulation in *Sun Indemnity* from which an inference could be drawn that only proper fees and expenses were covered by the stipulation, as is the case here.

7. See footnote 2, supra.

*Industries Corp. v. United States,* 342 F.2d 75, 79, 169 Ct.Cl. 999.[8]

■ In addition to arguing that Wood Brothers cannot recover costs of establishing its claim for indemnity from American Glass, American Glass says that the judgment improperly includes attorneys' fees, costs and expenses which Wood Brothers incurred in defending against and in attempting to establish claims for indemnity against C. E. Glass and PPG (Appellant's Brief, 6).[9]

We put aside the complaint that costs of prosecuting third-party claims are included in the $16,838.81 figure. The stipulation refers only to fees and costs "in connection with the *defense* of Wood Brothers, in this action . . ." (emphasis added) and the reasonable inference thus is that the figure stated did not cover *prosecuting* third-party claims. The defense of third-party claims does appear to be within the wording of the stipulation, and those costs can be assumed to be included in the figure. However, we believe that they are recoverable in any event. This was apparently the view of the trial judge,[10] and we ordinarily accept the view of the resident district judge on the unsettled law of his state unless clearly wrong. *Parsons v. Amerada Hess Corp.,* 422 F.2d 610, 614 (10th Cir.). This result, moreover, is consistent with *Dinkle v. Denton,* supra, 359 P.2d at 348–50, as well as other cases concerning the scope of indemnification awards in general. See *Morris v. Uhl & Lopez,* supra, 442 F.2d at 1254 ("complete reimbursement"); *Turner v. Zip Motors, Inc.,* 245 Iowa 1091, 65 N.W.2d 427, 433.

■ American Glass further argues that because Wood Brothers was in this suit to defend against a claim that it was primarily negligent in causing the injuries to plaintiff Vallejos, it is precluded from recovery of any of Wood Brothers' attorney's fees and expenses from American Glass (Appellants' Brief, 6–7). It is argued that since Wood Brothers was defending against allegations of "independent tortious conduct," indemnity is not proper. This argument is pressed in conjunction with the point that Wood Brothers incurred its expenses in defending against and in attempting to establish claims of indemnity against third parties. These contentions based on the theory of alleged "independent tortious conduct" by Wood Brothers were rejected by the trial court, and we agree with its conclusions.

We do not agree with American Glass that indemnity should be denied on the authority of *Leingang v. Bottled Gas Corp.,* 332 F.2d 959 (7th Cir.), and *Byron Jackson Co. v. Woods,* 41 Cal.App.2d 777, 107 P.2d 639. These cases adopt the test of whether there are *allegations* of independent tortious conduct by the indemnitee which he was defending so as to bar indemnity. Here the trial judge found that although Wood Brothers might have been liable to Vallejos under theories of strict liability set forth in the complaint, the *facts* do not show any independent negligence of Wood Brothers; that insofar as the installation had been contracted out to American Glass, the choice of materials being part of its contractual duty, there was no evidence of independent tortious conduct on the part of Wood Brothers; and that their involvement in this litigation and expenses and attorney's fees incurred were a natural and di-

---

**8.** On the question of reasonableness of the fees, which is also now said not to have been proved, it is also a fair inference—which the trial judge apparently drew (I R. 167–68)—that the parties implied this in their stipulation.

**9.** American Glass also complains that the judgment includes costs of defending against and attempting to establish an indemnity claim against the City of Albuquerque. Wood Brothers did ask leave to file a third-party complaint against the City of Albuquerque (I R. 86–91), but our record shows no action on the motion and no actual appearance by the City in the

case. In any event, since the stipulation refers only to attorney's fees and costs "in connection with the defense of Wood Brothers, in this action. . . .," the reasonable inference is that the figure stated did not include the costs of litigating claims *against* others.

**10.** Despite similar contentions of American Glass in its trial brief (I R. 162), the trial judge without discussion of the point gave judgment for Wood Brothers in the amount stated in the stipulation. (Id. at 168).

rect consequence of the negligence of American Glass. (I R. 167). The court found that American Glass breached its duty of care in utilizing the weaker glass in the manufacture of the glass door. (Id. at 166). The court concluded that where a party is involved in litigation "solely because of the tort of another," and as a consequence incurs expense in defending the action, the costs and expenses are recoverable as damages arising from the original wrongful act. (Id. at 167).

We feel that the trial court did not err in awarding indemnity after finding the facts as stated above, particularly that there is no evidence of independent tortious conduct by Wood Brothers. The New Mexico Supreme Court in *Dinkle v. Denton,* supra, 359 P.2d at 349–50, citing 15 Am.Jur., Damages, § 144, accepted the broad principle of indemnity that:

> "It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." [11]

We are persuaded to agree with the trial court's view on the state law involved.

AFFIRMED.

---

**11.** See *Morris v. Uhl & Lopez Engineers, Inc.,* supra, 442 F.2d at 1254; *Lommori v. Milner Hotels, Inc.,* 63 N.M. 342, 319 P.2d 949, 955 (holding there were "sufficient facts" to raise a question on the indemnitee's independent negligence); *Mitsuuchi v. Security-First National Bank,* 103 Cal.App.2d 214, 229 P.2d 376, 378–80, (distinguishing *Byron-Jackson Co. v. Woods,* supra); but see *Rauch v. Senecal,* 253 Iowa 487, 112 N.W.2d 886.