ST. PAUL-MERCURY INDEMNITY CO., Appellant, v
DALE, Respondent

(15 N. W.2d 577.)

(File No. 8674.   Opinion filed September 12, 1944.)

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellant.

**W. J. Hooper,** of Gregory, and **Byron S. Payne,** of Pierre, for Respondent.

RUDOLPH, J.   To comply with the law relating to the operation of livestock auction agencies, the defendant who operated such agency obtained from the plaintiff a surety bond and in consideration of the execution of such bond by the plaintiff the defendant agreed in writing to indemnify plaintiff and to hold it harmless from all loss and to pay all legal costs, counsel fees and expenses directly or indirectly sustained by plaintiff by reason of it becoming the surety for defendant.   On September 23, 1939, while this bond was in force, an involuntary petition in bankruptcy was filed against the defendant and on October 31, 1939, defendant was adjudicated bankrupt.   The defendant subsequently proposed an Arrangement in the bankruptcy proceedings whereby defendant agreed to pay a certain sum in full compromised settlement of the claims of his creditors and for his discharge in bankruptcy.   This Arrangement was approved by the Referee in Bankruptcy on February 15, 1940.   The plaintiff was advised of all of the bankruptcy proceedings, actively participated therein, and as a creditor received a

share of the funds deposited under the Arrangement. On October 18, 1939, less than four weeks subsequent to the filing of the petition in bankruptcy and prior to the adjudication, one Charles B. Dale instituted an action against this plaintiff and the defendant wherein recovery was sought from the plaintiff under the surety bond plaintiff had furnished defendant. The plaintiff successfully defended against this alleged claim of Chas. B. Dale and the action was finally disposed of on July 17, 1940. In defending the action the plaintiff incurred attorney fees and expenses of the reasonable value of $586.66. Plaintiff demanded the payment of these fees and expenses from the defendant under defendant's agreement of indemnity given at the time the bond was executed. Upon defendant's refusal to pay such fees and expenses, this present action was started. It is defendant's contention that the claim of the plaintiff here involved, although not scheduled as provable debt, was discharged by the bakruptcy proceedings. The trial court entered judgment for the defendant. Plaintiff has appealed.

■ Section 17 of the Bankruptcy Act, as amended June 22, 1938, Ch. 575, Sec. 1, 52 Stat. 851, 11 U. S. C. A. § 35, so far as here material provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

It is clear in this case that the plaintiff had notice and actual knowledge of the bankruptcy, so the determinative question presented is whether this claim of the plaintiff was a provable debt in the bankruptcy proceedings.

■ That the claim of the plaintiff was a contingent claim at the time the petition in bankruptcy was filed is apparent. At that time no action had been commenced by Charles B. Dale, and it did not appear that the bankrupt would ever become liable under his agreement with the plaintiff. Prior to the amendment of the Bankruptcy Act in

1938, confusion existed as to the provability of contingent claims. 14 Va. L. Rec. 469. In re Mullings Clothing Co., 2 Cir., 238 F. 58; In re Munsie, 2 Cir., 32 F.2d 304; In re Tastyeast, Inc., 3 Cir., 126 F. 2d 879; First Nat. Bank of Pikeville, Ky., v. Elliot, 6 Cir., 19 F.2d 426; In re Roth & Appel, 2 Cir., 181 F. 667, 31 L. R. A, N. S., 270. However, in 1938 Section 63 of the Bankruptcy Act, 11 U. S. C. A. § 103, which describes the debts which are provable, was amended to include "contingent debts and contingent contractual liabilities." A contingent claim is held to be "one as to which it remains uncertain, at the time of the filing of the petition in bankruptcy, whether or not the bankrupt will ever become liable to pay it." In re Mullings Clothing Co., supra; In re Munsie, supra. The obvious purpose of the 1938 amendment, wherein it specifically provides that contingent debts and contingent contractual liabilities are provable debts, is to include those debts which had been held contingent, and provide a method for their disposition. This purpose is manifest in subdivision d of Section 63, as amended, which provides:

"Where any contingent or unliquidated claim has been proved, but, as provided in subdivision d of section 57 of this Act, has not been allowed, such claim shall not be deemed provable under this Act."

Subdivision d of Section 57, 11 U. S. C. A. § 93, sub. d, which also came into the Act in 1938 provides:

" * * * an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this title."

These sections clearly contemplate that contingent claims should in the first instance be proved, and provide the procedure for the disposition of such claims after proof. To give effect to the apparent purpose of these provisions we think that it must be held that a creditor having a contingent claim against a bankrupt must prove such claim, and thus

subject it to the provisions of Section 57, sub. d, relating to its allowance. Failure to prove such claim defeats the whole purpose of these provisions.

    ■ In the instant case had the plaintiff proved the contingent liability of the bankrupt based upon the contract of indemnity, it is probable that the part of such liability which is the basis of this action could have been reasonably estimated without undue delay to the administration of the bankrupt estate. The action in which the fees and expenses were incurred was commenced shortly after the filing of the petition in bankruptcy, and the court, under the provisions of Section 57, sub. d, might reasonably have determined that the administration of the estate would not be unduly delayed should it await the determination of the action, when the fees and expenses incurred could be determined. We are of the opinoin, therefore, that this claim of the plaintiff against the defendant based upon the contract of indemnity was a provable claim within the meaning of Section 63 of the Bankruptcy Act, as amended, and being a provable claim was discharged by the bankruptcy proceedings, as provided by Section 17 of the Bankruptcy Act.

We do not consider as helpful the decisions under the Bankruptcy Act of 1841, 5 Stat. 440, or the Bankruptcy Act of 1867, 14 Stat. 517, both of which had provisions relating to contingent claims. The provisions of these two acts relating to contingent claims were dissimilar to those of the present act, nor do they contain provisions similar to Sections 63, sub. d, and 57, sub. d. As we read the present act all contingent debts and all contingent contractual liabilties are in the first instance provable. Whether they remain in the category of provable debts depends upon their allowance under the provisions of Section 57, sub. d, of the Act. It might be that a contingent debt or contingent contractual liability which could not under any circumstance be allowed under the provisions of Section 57, sub. d, should not be considered as a provable debt. But we are not concerned with such condition in this case. As stated above, the contingent liability under the contract of indemnity existed at the time the petition in bankruptcy was filed; to the extent of the claim here presented, i. e., the claim for fees and expenses incurred

in the action commenced shortly after the petition in bankruptcy was filed, we believe that it was within the province of the bankruptcy court under Section 57, sub. d, to determine whether such claim was properly subject of estimation without undue delay to the administration of the estate.

The judgment appealed from is affirmed.

POLLEY, ROBERTS, and SMITH, JJ., concur.