359 P.2d 345

**C. E. DINKLE, as Trustee in Bankruptcy of J. Earl Denton and Raymond Griggs, d/b/a Denton and Griggs, a partnership, No. 2512 in Bankruptcy in the United States District Court for the District of New Mexico, Plaintiff-Appellee,**

**v.**

**Edwin T. DENTON, Defendant-Appellant.**

**No. 6615.**

Supreme Court of New Mexico.

Feb. 1, 1961.

Reese, McCormick, Lusk & Paine, Carlsbad, for appellant.

Dee C. Blythe, Clovis, George T. Harris, Jr., Daniel A. Sisk, Albuquerque, for appellee.

FRANK B. ZINN, District Judge.

This is an appeal from a judgment in the amount of $6,000 against appellant, who seeks reversal on several grounds: 1. that the judgment was excessive; 2. that the claim was released by a co-obligor; 3. denial of a tender of parol testimony to support a different construction of the contract; 4. that tender of proof of a set-off was refused.

Appellant, Edwin T. Denton, defendant in the District Court was sued by appellee, Dinkle, trustee in bankruptcy of Denton and Griggs, building contractors, a partnership.

The relief sought by the appellee in his case below was recovery of $6,000 which he claimed was paid by the now bankrupt partnership to the appellant, Denton. The payment was made as a part of the purchase price of a New Mexico liquor license, the terms of sale of the license being set forth in a written agreement.

The Associated Federal Hotels, Inc. was also a party to this agreement. Appellant effected a settlement with Associated Federal Hotels, Inc. by paying to that hotel corporation the sum of $5,000 and taking from them a release. The terms of that release and its relationship to this action are detailed elsewhere in this opinion.

The contract called for a sale of the liquor license and after identifying the parties and the subject of the sale stated in its pertinent paragraphs, as follows:

"1. The sale price for said New Mexico Liquor License No. 1442 is the sum of $10,000.00 and First Party hereby acknowledges that he has received from Second Parties said sum in cash.

"2. In addition to the payment of said cash consideration, Second Parties covenant and agree to immediately move from its present location to 2609 North Main Street, adjacent to the City of Roswell, New Mexico, the building and all equipment, fixtures and inventory used in connection with the said Oasis Bar and to place the same in operating condition at the new location at their sole expense.

"3. The date on which said New Mexico Liquor License No. 1442 shall be transferred to Second Parties shall be the date of completion by Denton and Griggs of a hotel to be known as L 7 Hotel, located on land leased from the New Mexico Military Institute and if said date shall occur before the expiration of one year from the date hereof, Second Parties shall pay to First Party that fraction of the sum of $10,000.00 which is equal to the fraction of the twelve months period which has not expired on the date of completion of said hotel."

The license was never transferred and the contract never completed. It is clear that Associated Federal Hotels and the partnership of Denton & Griggs had each paid their one-half share of the full consideration of $10,000.

Each of those parties also paid additional sums for costs of moving the physical assets of the liquor business from Caprock into Roswell, to accomplish the requirements of Paragraph 3 of the contract. The Hotel Corporation paid appellant $1,000 in cash. The partnership of Denton & Griggs paid $1,125 by services and materials supplied in the moving of the business assets and in preparing the new location.

The L 7 Hotel into which the liquor license was expected to have been integrated never became a reality.

The decision appealed from the court below was one which rejected a claimed offset and several defenses and gave judgment to the plaintiff, appellee, in the amount of $6,000 and costs. The court's findings of fact and conclusions of law supported the award on the grounds of failure of consideration and of unjust enrichment.

The several defenses raised by defendant-appellant to the claim of the trustee in bankruptcy for return of what had been paid by Denton & Griggs, under the agreement, for the most part, are the same as the points relied upon for reversal here. He has added here one additional point, that of the judgment below being excessive.

The first point raised on appeal contends that even if the plaintiff below was entitled to recover judgment that the sum could not be in excess of $5,000 since the testimony was that this was all that Denton & Griggs had paid under the agreement.

The facts, however, are undisputed that Denton & Griggs did pay a combined total of $6,000, this being $4,875 in cash, plus $1,125 in materials and services.

█ If the appellee is entitled to recover any of the consideration paid by his predecessors, it would be the full consideration moving from them to appellant less any damages suffered by appellant. The services and materials as well as the money expended by the partners inured to the benefit of appellant, Denton, and must be con-

sidered in balancing the parties relative damages. 5 Williston on Contracts 4126, § 1476; 3 Williston on Sales 319, § 519m; 24 Columbia L.R. 885; 33 Yale L.J. 101; Acme Dist. Co. v. Rorie, 10 Cir., 183 F.2d 694. Accordingly appellant's point challenging the judgment as being excessive by $1,000 will dispose of itself on retrial when appellant is permitted to offset his damages.

The second point raised by appellant was that the release given by Associated Federal Hotels also constituted a release of the rights of Denton & Griggs, the partnership, under the contract. An examination of portions of that instrument exchanged by Associated Federal Hotels for the $5,000 which it received from appellant, quickly resolves this point by revealing the intent of the parties in giving and receiving it.

"Whereas, Denton & Griggs became insolvent and have been adjudged bankrupt by the United States District Court for the District of New Mexico and it has become impossible for them to build said hotel, and

"Whereas, Associated Federal Hotels in connection with said contract paid to Edwin T. Denton, the sum of $6,000.00 and has agreed with him to release its interest in said contract and never to maintain any action thereon in consideration of the payment to it of the sum of $5,000.00."

■ The rule that a release of an obligation to him executed by one co-obligee will also serve to discharge the obligation owed to another co-obligee is raised by appellant to support the point. The texts support this as a general rule of law, but only in cases when the intent of the one co-obligee executing the release and of the obligor receiving it to accomplish such an extinguishment of the whole obligation exists or is presumed to exist.

Where a contrary intent is obvious and apparent, the rule cannot apply. McCallister v. Farmers Development Co., 47 N.M. 395, 143 P.2d 597.

"* * * the primary rule of construction of releases is that the intention of the parties must govern, and they are to be construed by the same rules of arriving at the intention of the parties as any other kind of contracts. This intention must be gathered from the words used in the instrument and not from matters dehors the writing. In accordance with these principles, it has been held that words in a release should not be construed to extend beyond the express consideration mentioned, and that such words should not be construed to operate as a release of indebtedness which the parties apparently did not intend * * *." 76 C.J.S. Release § 38, p. 669.

The "release and covenant not to sue" effected a release of only the rights of Associated Federal Hotels and it cannot be a bar to the enforcement of the claim by the appellee.

Appellant's third and fourth points concern related problems and will be considered together. The third point complains of the failure of the court to receive parol evidence as to the agreement between the parties calling for the construction of the hotel. It is contended that if the court had done so that it would then have seen the position of the appellee's predecessors was that of defaulting vendees and thus not entitled to recover the consideration paid.

The fourth point complains of the failure to permit the parol testimony about the hotel agreement so as to then enable him to show damages resulting because of its breach by Denton & Griggs which damages then would be available as an offset to the claim asserted by appellee.

Involved in the two points was the question of whether there had been a legal abandonment of the contract by the appellant, so as to have entitled the appellee to a return of the full consideration paid as adjudged by the court below.

It should be sufficient to point out that when the hotel was not built defendant was never called on to deliver the license. He testified that this being true he considered the contract abandoned. This is entirely different from an abandonment by a vendor which would give the vendee a right to rescind. The only support for the trial court's finding of fact No. 7 and conclusion of law No. 6 as to an abandonment of the contract, was the testimony of the defendant referred to. Such a conclusion was error. The rule in this regard is as set forth in the Restatement of the Law of Contracts, § 357.

As stated above, with respect to appellant's points three and four, they hinge upon the lower court's refusal to admit testimony tendered relative to the agreement surrounding the building of the proposed L 7 Hotel. The offer to prove the details of such an agreement was rejected as an attempt to vary the terms of a written agreement by parol testimony.

The agreement between the parties as to the building of the L 7 Hotel, if such existed, would be something completely outside the agreement covering the sale of the liquor license. The proof of such an agreement which was tendered and rejected, was properly admissible, since it was not offered to vary, contradict, add to or substract from the terms of the written contract relating to the liquor license. Wester v. Trailmobile Company, 59 N.M. 73, 279 P.2d 526; Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267.

In addition to being able to prove the separate contract relating to the build-

ing of the Hotel, appellant should be permitted to prove any damages he has suffered for the failure of appellee's predecessors to have performed and offset any such damages against the sums sought by appellee.

The appellant's fifth and final point attempts to establish as an offset against any sums sought from him a claim for attorney fees and expenses incurred by appellant, G. H. Denton out of another dealing with the appellee's bankrupts, Denton & Griggs. The other relationship arose when E. H. Denton as an accommodation indemnitor guaranteed a performance bond for the Denton & Griggs partnership on a school construction job.

This undertaking has placed the appellant in Federal Court as codefendant with the partnership in an action by a surety company on a contractor's performance bond. They seek to recover against appellant for losses incurred by them in performing as sureties when Denton & Griggs failed to perform on a construction contract covered by the bond and which they also claim was covered by the indemnity agreement signed by appellant E. H. Denton.

The offset to which appellant claims to be entitled is $5,100 in attorney fees and expenses paid plus additional sums for attorney fees and expenses to become due. The Federal Court case has not been terminated. The court below denied the set-off as being an unliquidated, remote and speculative claim.

Appellant contends that win or lose in the Federal case, he is entitled to any costs of defending himself on the indemnity agreement as against the bankrupt partners whom he accommodated by the agreement. The appellant made an offer of proof of the actual and expected attorney fees and expenses incurred in the defense of the Federal Court action. The tender was rejected.

This being a suit by a trustee in bankruptcy to recover assets of the bankrupt estate, the appellant invokes the law of the United States regarding bankruptcy to sustain his claim of an offset. He contends that the attorney fees and expenses incurred and likely to be incurred are provable claims under Section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108 and as such must be allowed him here as an offset.

In Collier on Bankruptcy, 14th ed. Vol. 4 at page 734, it is stated:

" * * * the right to assert a set-off under § 68 may be invoked in a proper proceeding or action in either the bankruptcy court, a district court sitting at law or in equity, or a state court."

(Page 736) " * * * A debtor of the bankruptcy estate who also has a claim against the estate may, if he chooses, assert the claims as a set-off in the forum in which his obligation is sought to be enforced."

Collier says further on this subject in the paragraphs following the above quotation:

"It is obvious, of course, that whether or not there is a valid and enforceable claim or obligation in existence to be used as a set-off depends on the applicable substantive law, usually state. But regardless of where the right is invoked, whether a set-off of existing obligations may be effected or sustained in bankruptcy depends wholly upon the terms of § 68, and not upon the terms of state laws or statutes."

The authorities support appellant's contention that the type of claim he seeks to assert is one properly provable under Section 68 of the Federal Bankruptcy Act, if it existed before the date of adjudication. Williams v. United States Fidelity & G. Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713; St. Paul-Mercury Indemnity Co. of St. Paul v. Dale, 70 S.D. 137, 15 N.W.2d 577.

The court below made a finding of fact (No. 15) to the effect that the bankrupts owed nothing to appellant on the date of adjudication in bankruptcy, negativing the provability of the claim if the court was correct. The stipulated date of the adjudication in bankruptcy was September or October of 1957. The suit against the partnership of Denton & Griggs by Fireman's Fund Indemnity Company was filed in the U. S. District Court, District of New Mexico, December 11, 1956.

If the claim for attorney fees and expenses was not an actionable claim under New Mexico law before the date of adjudication in bankruptcy, then the finding of the court was correct and the offset not available to appellant.

The nature of the offset is that of a permissive counterclaim as permitted under Rule 13 (b) of the Rules of Civil Procedure for the District Courts (21–1–1(13) (b). The essentials of a separately maintainable cause of action are necessary to its allowance.

Attorney fees are recoverable as damages in such cases as this though not allowed as damages recoverable in the usual suit.

"It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.

"In action of indemnity, brought where the duty to indemnify is either implied by law or arises under a contract, reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the

damages and expenses. * * *" 15 Am.Jur. (Damages) § 144, p. 552.

This treatment of attorney fees as an expense or cost recoverable in damages when occasioned by the defendant's breach of duty is supported also in Feldmesser v. Lemberger, 101 N.J.L. 184, 127 A. 815, and note following in 41 A.L.R. 1156; also in Treat v. Nowell, 37 Ariz. 290, 294 P. 273 and in the annotation at 45 A.L.R.2d 1188.

Whether the $5,100 claimed to have been expended as well as the entire attorney fees incurred in the federal suit were a proper offset will also depend upon whether they were actionable as of the time they were asserted.

■ We are of the opinion that the appellant as an accommodation indemnitor who had been called upon to make good the default of the defunct partnership was entitled as against the partners, at the time that he became obligated to defend the suit on the indemnity agreement, to claim as damages against them the costs of defending himself as a result of their default. This would include such attorney fees and costs as are reasonably ascertainable.

The tender of proof was as to the $5,100 claimed to have been expended as of the time of the trial below plus a showing that a reasonable attorney fee for the whole federal case defense would be $25,000.

One of the rulings of the trial court, challenged here by appellant, is that the damages appellant might suffer in defending the Federal Court action are unliquidated, remote and speculative (finding No. 14).

There would be nothing remote and speculative about the $5,100 already claimed to have been expended. The entire attorney fee to be incurred is also as susceptible of proof and as certain as it needs to be if appellant's obligation to pay it arose before the bankruptcy to be provable under Section 68 of the Federal Bankruptcy Act. Davis v. Campbell, 52 N.M. 272, 197 P.2d 430; Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231; Rudolph v. Guy, 61 N.M. 284, 299 P.2d 462.

The trial court should have considered the testimony tendered, and determined the amount of the attorney fees and costs incurred by appellant in defense of the Federal Court action. The sum when determined, should be allowed as an offset to appellee's claim.

For the reasons given, the case will be reversed and remanded to the district court for further proceedings in accordance with the views herein expressed.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.