285 So.2d 629 (1973)
The HERITAGE CORPORATION OF SOUTH FLORIDA, a Florida Corporation, Appellant,
v.
APARTMENT INVESTMENTS, INC., a Kansas Corporation, et al., Appellees.
No. 73-654.
District Court of Appeal of Florida, Third District.
November 6, 1973.
Rehearing Denied December 11, 1973.
*630 Leo Greenfield, North Miami, and Mitchell D. Aronson, Hollywood, for appellant.
Koeppel, Stark, Marks & Newmark, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order by the trial court declaring lack of jurisdiction over the corporate defendant and the individual defendant, Beck.
Appellant sued for a $21,000 mortgage brokers commission. The complaint alleged that appellees Beck, a Kansas resident, and Van Heusden, a resident of Melbourne, Florida, are co-partners in ownership, management and development of a Kansas apartment complex. The two men formed the appellee corporation, Apartment Investments, Inc., for the purpose of obtaining a mortgage loan on the complex. Appellees began seeking a loan in Dade County, and appellant obtained a $600,000 loan committment for an agreed 3 1/2% commission. However, appellant alleged that appellees refused to execute the loan agreement.
Thereafter, appellant instituted suit and process was served upon Van Heusden, individually and as co-partner of Beck, in Melbourne. Beck was also served by substitute service in Kansas. The appellees filed motions to dismiss on jurisdictional grounds, contending that the process and service of process was insufficient.
The court granted the motion as to Apartment Investments, Inc. and Beck, but ruled that it had jurisdiction over Van Heusden. An amended complaint was filed to which another motion to dismiss was directed. Upon consideration thereof, the court entered an order similar to its previous order on the motion to dismiss, finding additionally that venue properly lay in Dade County.
Appellant contends that the trial court had jurisdiction over the corporate-defendant, where personal service was made on Van Heusden, the president of the corporation, who resides in Florida, and where the action arose out of a transaction or business venture in Florida connected with the business of Apartment Investments. In addition, appellant urges that the court has jurisdiction of Beck because the valid service on Van Heusden is also valid as to him as a co-partner. We agree.
Any foreign or domestic corporation may be properly served within Florida when it has a business office and an officer residing in the state by virtue of § 48.081(5) F.S.A. Therefore, service upon Van Heusden in Melbourne was sufficient also as to the corporation. Likewise, § 48.061(1) F.S.A. provides that service upon one partner is valid as to other partners, and service upon Van Heusden was sufficient as to Beck.
We recognize that § 48.081 F.S.A. is read in pari materia with § 48.181, F.S.A., Youngblood v. Citrus Assoc. of N.Y. Cotton Exch., Inc., Fla.App. 1973, 276 So.2d 505; *631 and we think the facts of the case demonstrate a sufficient "minimum contact" to vest jurisdiction in Florida.
The instant case is analogous to H. Bell & Associates, Inc. v. Keasbey & Mattison Company, Fla.App. 1962, 140 So.2d 125, wherein this court held that service upon the only managing official of a corporation, who was in the state not for the purpose of an isolated transaction but obviously for the general enhancement of business, was valid because the company was doing sufficient business in Florida to come within the "minimum contact" rule.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed.
Reversed.