306 So.2d 542 (1974)
ELTING CENTER CORPORATION, an Alabama Corporation, Appellant,
v.
DIVERSIFIED TITLE CORP., Appellee.
No. 74-1236.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 4, 1975.
Creel & Glasgow, Miami, for appellant.
Quinton, Leib & Lummus, Neil Chonin and S. William Fuller, Jr., Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellant seeks review of an order by the trial court finding that the court has jurisdiction over its person by virtue of service of process effectuated upon another corporation allegedly engaged in a joint venture with the appellant.
*543 The appellee filed an amended complaint against the appellant, Elting Center Corporation, an Alabama corporation, and C & H Enterprises, Inc., a Florida corporation, as joint venturers.
Service of process was carried out only upon an agent of C & H Enterprises, Inc.
Thereafter, the court granted Elting's motion to dismiss the amended complaint for lack of jurisdiction over its person. Upon re-hearing, however, the court reversed itself and ruled that the court had jurisdiction over the appellant because of the service made upon C & H Enterprises, Inc.
The court relied upon the Florida Supreme Court's holding in Largay Enterprises, Inc. v. Berman, Fla. 1952, 61 So.2d 366, and this court's decision in Heritage Corp. of So. Fla. v. Apartment Invest., Inc., Fla.App. 1973, 285 So.2d 629.
It was the court's view, and it is the appellee's position, that a "joint venture" is the same as a "partnership" or a "limited partnership" for purposes of Fla. Stat. §§ 48.061(1) and 620.30, F.S.A. concerning service of process upon partnerships.
However, we note that statutes involving service of process upon non-residents must be accorded a strict construction. Fleischman v. Morris, Fla.App. 1972, 260 So.2d 278; Lipman v. Zuk, Fla.App. 1970, 244 So. 496; Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903.
Moreover, a joint venture is not a legal entity in the same sense of a partnership, even though the distinction is often blurred. See, 46 Am.Jur.2d, Joint Ventures § 4, and cases cited therein.
From our reading of the Supreme Court's opinion in Largay Enterprises, Inc. v. Berman, supra, we conclude that service of process upon one member of a joint enterprise is not sufficient to confer jurisdiction over another member under the law of this state.
Therefore, in light of our determination of this case it is unnecessary to consider other points raised by the appellant in its brief.
For the reasons assigned, the order appealed is reversed, and the cause is remanded to the trial court with directions to dismiss the amended complaint as it pertains to the appellant.
Reversed and remanded.