577 P.2d 424

**Timothy A. RUIZ, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, a Municipal Corporation, Defendant-Appellee.**

**No. 2986.**

Court of Appeals of New Mexico.

Jan. 31, 1978.

Rehearing Denied Feb. 13, 1978.

Writ of Certiorari Denied March 13, 1978.

Charlotte Mary Toulouse, Toulouse, Krehbiel & DeLayo, P. A., Albuquerque, for plaintiff-appellant.

William J. Tryon, Asst. City Atty., Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Originally, this was an amicable proceeding between plaintiff, Ruiz, and defendant, City, for settlement of a workmen's compensation claim.

A Complaint, Answer, Stipulation for Judgment, Judgment, and Satisfaction of Judgment were filed on *June 21, 1976,* in the clerk's office of the District Court in Bernalillo County. *The City prepared the forms which both Ruiz, and an attorney furnished Ruiz by the City, signed.*

On February 10, 1977, Ruiz, by present counsel, filed a motion to set aside the judgment or in the alternative to amend the judgment. Ruiz sought an order requiring the City to pay Ruiz the $1,000.00 vocational rehabilitation benefits to which he was entitled pursuant to § 59–10–19.2, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1) of the Workmen's Compensation Act and to pay additional attorney fees. A hearing was held on March 23, 1977 at 4 p. m. The evidence was scanty. On March 24, 1977, the trial court wrote the parties that based upon two cases submitted by the City, the motion was denied. On April 7, 1977, an order was entered that denied Ruiz' motion. Ruiz appeals. We reverse.

To resolve this issue, we shall delineate the meaning of the initial judgment and satisfaction thereof, the Ruiz motion filed for vocational rehabilitation, and the evidence introduced at the hearing on the motion. It is a matter of first impression. The briefs filed by both attorneys are of no assistance and merit no consideration.

A. *The initial judgment was erroneous on Ruiz' release of claims against the City.*

Ruiz was employed by the City as a maintenance man at the Rio Grande Zoo. He was assigned as Grade 4, step 5, Physical Class 1. On July 3, 1975, Ruiz suffered an injury to the left knee cap, and as a result thereof, he was assigned to Class 3, and continued to work until sometime after the settlement was made on June 21, 1976.

The testimony does not disclose whether Ruiz or the City sought a settlement of the claim. Ruiz testified that he asked the claim's officer several times to advise him of the claim's procedure, and whether he should get a lawyer. The claim's officer's repeated response was: "We'll take care of it." There is conflicting testimony as to whether or not Ruiz requested the City to hire an attorney for him.

Nevertheless, the claim's officer selected an attorney for Ruiz, asked the attorney to represent Ruiz, and arranged for them to meet for the first time at the settlement meeting in the office of the claim's officer. Ruiz testified that upon meeting the attorney, he accepted the claim's officer's choice and felt that he could trust him as his counsel. Prior to the signing of the papers, Ruiz never met alone with his attorney. All discussion concerning the settlement was done in the presence of both parties and both attorneys.

After the forms were prepared and signed, Ruiz and his attorney walked to the courthouse. On the way, Ruiz asked his attorney if he handled these cases regularly. The attorney answered that he did handle claims of this sort but had never done one for the City. Plaintiff asked the attorney if this matter was on the level. The attorney thought for a moment and then said: "I don't see anything missing." Ruiz was told that once this matter was settled, there would be no further litigation. After leaving the judge's chambers, plaintiff was handed a draft in payment of the settlement, less $100.00 for attorney fees.

The Stipulation for Judgment provided:

That upon the filing of the Satisfaction of Judgment, *all claims by the plaintiff against the defendant . . . as described in the complaint herein,* shall be fully and finally released, discharged and satisfied, except that the medical provision will remain open until June 14, 1976. [Emphasis added.]

The Judgment provided:

That upon the signing of a Satisfaction of Judgment, the defendant shall be fully and finally released and discharged *for any and all claims by the plaintiff* on account of the plaintiff's alleged accident or injury on or about July 3, 1975, while working for the defendant in the Rio Grande Zoo. [Emphasis added.]

A conflict exists between the language used in the Stipulation for Judgment and the Judgment itself on the release executed by Ruiz. The stipulation releases only the claims "described in the complaint." It did not release plaintiff's additional claim for vocational rehabilitation. The judgment released "any and all claims by the plaintiff." It did not carry forward the language contained in the stipulation, a stipulation signed by Ruiz, by his attorney selected by the City, and by the City's attorney. It was the intention of the parties that the stipulation would release only the claims "described in the complaint."

This settlement procedure is governed by the Workmen's Compensation Act. The judgment was a lump-sum settlement. Section 59–10–25(B) allows the district court, at all times, to approve any settlement for a lump sum. Section 59–10–13.8 provides in pertinent part:

. . . [T]he court, if it approves such settlement, *shall order a judgment of record to be entered in accordance with the settlement, carrying the settlement into effect . . . ..* The judgment shall be satisfied of record if it is shown by the instrument or instruments filed that payment has already been made in full. [Emphasis added.]

▮ The judgment entered of record was not in accordance with the settlement entered into. It provided that Ruiz released and discharged the City "for any and all claims" arising out of the accident. That portion of the judgment is void.

Furthermore, the complaint on the City's form consisted of two sentences: (1) the time and place of the injury suffered by plaintiff, and (2) the weekly earnings, disability and medical expenses caused by the injury. Compensation for disability and medical expenses were the only claims made by the plaintiff and the only claims released, discharged and satisfied.

Neither of the parties presented to this Court the rules governing the construction of the language used in a release nor authorities that created the rules of construction.

*Dinkle v. Denton,* 68 N.M. 108, 112, 359 P.2d 345, 347 (1961) quoted the following with approval:

" * * * the primary rule of construction of releases is that the intention of the parties must govern . . . .. This intention must be gathered from the words used in the instrument and not from matters dehors the writing. *In accordance with these principles, it has been held that words in a release should not be construed to extend beyond the express consideration mentioned, and that such words should not be construed to operate as a release of indebtedness which the parties apparently did not intend * * *.*" [Emphasis added.]

*Dinkle, supra; Moruzzi v. Federal Life & Casualty Co.,* 42 N.M. 35, 75 P.2d 320 (1938) and *Buel v. Kansas City Life Insurance Co.,* 32 N.M. 34, 250 P. 635, 52 A.L.R. 367 (1926) stand for the proposition that the payment of a liquidated, undisputed, matured obligation does not furnish a consideration for the release of any additional obligation.

*Buel* said:

No doubt it would be convenient to tighten the rule as to settlements; thus avoiding considerable litigation. It should not be overlooked, however, that the rule objected to does not affect any case of real settlement—mutual concession; and that, if we were to follow the

so-called 'tendency,' we should smother under a rule of convenience many meritorious causes of action. [32 N.M. at 42–43, 250 P. at 638.]

New Mexico looks with disfavor on releases that smother a meritorious claim for relief. In personal injury cases, this policy was expressly adopted by the enactment of the "Release Act." Section 21–11–1, et seq., N.M.S.A. 1953 (Repl. Vol. 4, 1975 Supp.). See *Mitschelen v. State Farm Mut. Auto Ins. Co.,* 89 N.M. 586, 555 P.2d 707 (Ct.App.1976). Under the Compensation Act, to fulfill its purposes, we believe that any reasonable doubt as to the intentions of the parties and the effect of a release should be construed in favor of the workman.

*Jordan v. Guerra,* 23 Cal.2d 469, 144 P.2d 349 (1943) lays to rest the City's position. The plaintiff accepted $150.00 in settlement of a claim for the death of his son. He was led to believe that he had no claim except for the items of funeral expense and time lost, and executed a release of all liability resulting from the accident. Plaintiff sued for damages for the wrongful death of his son. On the subject of the release as a defense, plaintiff testified that he understood the settlement was final and he was satisfied with it but he did not know that he had a right to anything except the items of funeral expenses and time lost. The court said:

. . . [S]uch a release because of the deception practiced upon the claimant must be construed as a settlement of those matters only as to which the minds of the parties met, and may not be considered to be in satisfaction of anything not consented to by the plaintiff. [144 P.2d at 352.]

The release in the instant case reflected the intention of the parties. The City prepared the forms, furnished plaintiff an attorney, and then hauled him before the district judge to have the district judge sign the judgment. At this time, vocational rehabilitation was not ripe for settlement, nor was it discussed or considered by the parties or the district judge.

Ruiz and the City intended to satisfy, discharge and release the City from compensation payments and medical payments incurred at the time of the accident. There was no consideration paid for a release of the additional obligation of vocational rehabilitation that arose long thereafter. We should not extend the language in the release to cover this additional obligation.

The judgment entered in the court below is hereby amended to state the intentions of the parties as follows:

That upon the signing of a satisfaction of Judgment, the defendant shall be fully and finally released and discharged *for all claims by the plaintiff against the defendant . . . as described in the complaint herein* on account of the plaintiff's alleged accident or injury on or about July 3, 1975, while working for the defendant in the Rio Grande Zoo. [Emphasis added.]

The Ruiz claim for vocational rehabilitation was not released or discharged.

**B.** *Ruiz is entitled to vocational rehabilitation compensation.*

Section 59–10–19.2 reads in pertinent part:

*In addition* to the medical and hospital services provided in section 59–10–19.1 NMSA 1953, *the employee shall be entitled to such vocational rehabilitation services,* including retraining or job placement, *as may be necessary to restore him to suitable employment where he is unable to return to his former job.* The court shall determine whether a disabled employee needs vocational rehabilitation services . . . such additional compensation shall not exceed one thousand dollars ($1,000). [Emphasis added.]

This section of the Act was added in 1969 for the benefit of the workman. It is an *additional obligation* of the employer. It is in addition to compensation benefits for partial disability paid by the employer. Vocational rehabilitation arises after such partial disability has occurred that a workman

is unable to return to his former job, yet he desires to retrain himself for suitable employment. He believes that he "is unable to some percentage-extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience." Section 59–10–12.19. He wants to better himself by vocational rehabilitation. This is in keeping with the purpose of Section 59–10–19.2. In *Codling v. Aztec Well Servicing Co.,* 89 N.M. 213, 215, 549 P.2d 628 (Ct.App.1976), we said:

> Within the policy considerations of the Workmen's Compensation Act the interests of the claimant and the public are paramount. To prevent the claimant from being on the welfare rolls is a part of the legislative scheme. For example, see § 59–10–19.2, supra, relating to vocational rehabilitation services.

In addition to medical, hospital and partial disability benefits, § 59–10–19.2 provides that "the employee *shall* be entitled to such vocational rehabilitation services . . as may be necessary to restore him to suitable employment . . . ." This is mandatory language. Although this section provides that "The court shall determine whether a disabled employee needs vocational rehabilitation services . . . ," this determination does not rest within the discretion of the trial court. If there is sufficient evidence to warrant vocational rehabilitation, the court must award an employee $1,000.00 for this purpose.

This statute does not provide a method of procedure by which a workman can return to court after the initial claim is settled and final judgment entered. The Workmen's Compensation Act is governed by the Rules of Civil Procedure except where the provisions of the Act directly conflict with those rules. Section 59–10–13.9.

Rule 60(b) of the Rules of Civil Procedure [Section 21–1–1(60)(b), N.M.S.A. 1953 (Repl. Vol. 4)] is generally used when a workman, by motion, seeks "relief from a judgment." Rule 60(b) does not provide a procedural method to recover the benefits of vocational rehabilitation. Ruiz does not seek any relief from the judgment entered. It was fully paid, satisfied and released. Ruiz is satisfied with that judgment. He does not attack that judgment.

Ruiz seeks by motion to set aside or amend the judgment. Procedurally, Ruiz cannot be happy with the final judgment and, at the same time, set it aside or amend it. He must seek an order of the court that allows the award of this additional benefit. The motion does read in part:

> . . . and order the City of Albuquerqu to pay to the plaintiff $1,000.00 vocational rehabilitation pursuant to 59–10–19.2 (1953 Comp.).

The parties proceeded with a hearing on the motion to determine whether an order should be entered for the City to pay Ruiz the sum of $1,000. We construe this procedure to mean, that independent of the judgment entered, Ruiz seeks recovery of additional compensation for vocational rehabilitation. This procedure was acceptable to the parties and the court.

The trial court simply denied Ruiz' motion as a matter of law based upon two cases submitted by the City: *Durham v. Gulf State Engineering Company,* 74 N.M. 277, 393 P.2d 15 (1964), and *Herrera v. C & R Paving Company,* 73 N.M. 237, 387 P.2d 339 (1963). These cases are not controlling.

*Durham* stands for the proposition that a lump-sum judgment based upon a stipulation of the parties, that was fully paid, satisfied and released as to "any and all liabilities, rights, claims, or causes of action which have existed, now exist, or may hereafter come into existence as a result of the injury described in the Claim for Compensation herein," was conclusive. The judgment was entered in accordance with the release. The stipulation and the judgment contained the same language with reference to the totality of the release. Plaintiff could not reopen the judgment to recover for increased disability in the absence of fraud or overreaching. Furthermore, this case did not involve an additional obligation of the employer to provide the workman with vocational rehabilitation.

*Herrera* also involved a lump-sum award by judgment entered pursuant to a stipulation. This case also involved aggravated disability and it proceeded to a hearing on a motion filed under Rule 60(b). Plaintiff sought to vacate and set aside the stipulation, judgment and release on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence and misconduct of the adverse party. Findings of fact were made and relief sought was denied. This case did not involve an additional obligation of the employer.

Neither of the above cases are in point. All that the City says in a skimpy two page brief on this point is that the Ruiz motion did not plead any of the elements of the test provided by the Supreme Court in *Herrera* under Rule 60(b), a rule not applicable to the instant case.

To seek an order for an award of vocational rehabilitation, fraud or misconduct on the part of the employer is not an issue in the case.

The only question to determine is whether Ruiz is entitled to receive $1,000.00 for vocational rehabilitation.

The judgment was entered June 21, 1976. Ruiz entered the University of Albuquerque in September, 1976 to major in registered nursing. What occurred in this interim period is not clear. Ruiz diligently sought employment in his new class rating, but he was unsuccessful. He was placed in some status called File 98, a classification for those employees who were layed off for one reason or another, having been forced to discontinue their present duties pending re-employment in another status. Ruiz' personnel file disclosed that Ruiz lacked experience and education; that he was not qualified for any other work, and he was layed off. The date that he "voluntarily resigned" to enter the University is not shown, but he exhausted his leave in August, 1976.

Ruiz' knee injury rendered him incapable of working in his former job in the Zoo, and he was unable to return to that work.

■ We hold as a matter of law that Ruiz was entitled to $1,000.00 for vocational rehabilitation. .

C. *Findings of fact were unnecessary.*

■ The City seeks to defeat plaintiff's claim because the plaintiff did not submit requested findings of fact and conclusions of law and the trial court made none. "Findings of fact and conclusions of law are unnecessary in decisions on motions under Rules 12, 50, or 56 or any other motion except as provided in Rule 41(b)." Section 21–1–1(52)(B)(a), N.M.S.A. 1953 (Repl. Vol. 4). Findings of fact were unnecessary. We do not want to leave the impression that findings should not be made. Findings should be requested by the parties and made by the court. It is of assistance to this Court to know the reasons why a final order is granted or denied below. The trial court did by letter state its reasons for denying the motion of plaintiff. We encourage this practice by district judges when findings or reasons are stated within the order entered. See *Wilson v. Albuquerque Board of Realtors,* 81 N.M. 657, 472 P.2d 371 (1970), overruled on this point in *Garret v. Nissen Corporation,* 84 N.M. 16, 498 P.2d 1359 (1972).

This case is reversed and remanded to the trial court to amend the initial judgment so that it will state, as set forth in this opinion, that Ruiz released the claims described in the complaint; to vacate the order entered and enter a new order sustaining plaintiff's motion and granting plaintiff $1,000.00 for vocational rehabilitation services, together with a reasonable attorney fee to Ruiz for the services of his attorney in the trial court proceedings of this case. The City shall pay the costs of this appeal.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

The initial problem is to get around the established New Mexico rule stated in

*Owen v. Burn Const. Co.,* 90 N.M. 297, 563 P.2d 91 (1977):

"Where the decree is clear and unambiguous, neither pleadings, findings nor matters dehors the record may be used to change or even to construe its meaning."

The judgment in this case states quite unambiguously,

"That upon the signing of a Satisfaction of Judgment, the defendant shall be fully and finally released and discharged for any and all claims by the plaintiff on account of the plaintiff's alleged accident or injury on or about July 3, 1975, while working for the defendant in the Rio Grande Zoo."

Although the language of the Stipulation for Judgment differs sufficiently from that of the Judgment to give rise to a question as to whether Ruiz intended to waive his right to rehabilitation benefits, the rule quoted above means that this court cannot go behind the judgment unless it appears that the settlement was arrived at through fraud, imposition, or a mistake against which equity will afford relief. *Herrera v. C & R Paving Company,* 73 N.M. 237, 387 P.2d 339 (1963). Ruiz was poorly represented by his attorney, but I do not think the record contains facts from which it is reasonable to conclude that the City and Ruiz's attorney were in collusion to prevent Ruiz from learning about his possible future right to rehabilitation benefits. Short of a finding of collusion between the City and Ruiz's attorney or of intentional misrepresentation by the City, I fail to find any basis for holding that the City had a duty to disclose to Ruiz his rights with respect to rehabilitation benefits.

The $100 for attorney's fees was taken out of the award to the plaintiff of $1,855.00. This was contrary to the statute, § 59–10–23(C), N.M.S.A. 1953 (Repl. Vol. 9, pt. 1, 1974), which requires that plaintiff's attorney fees be taxed against the employer.

Judge Sutin holds that Ruiz is entitled to $1,000.00 in rehabilitation benefits and that the district court has no discretion in the matter. The language of the statute negates this theory:

".  .  . An employee who, as a result of injury, is or may be expected to be totally or partially incapacitated for a remunerative occupation, and who, *under the discretion of the court,* is being rendered fit to engage in a remunerative occupation, may, under regulations adopted by it, receive such additional compensation as may, *in the discretion of the court,* be deemed necessary for his board, lodging, travel and other expenses and for the maintenance of his family during the period of rehabilitation; however, *such additional compensation shall not exceed one thousand dollars ($1,000).* .  .  . " § 59–10–19.2, N.M.S.A. 1953 (Repl. Vol. 9, pt. 1, 1974). [Emphasis added.]

Whether or not the employee receives rehabilitation and how much additional compensation he receives is clearly within the discretion of the trial court. No court has ever heard evidence on the extent of Ruiz's disability or of his entitlement to rehabilitation benefits; it is now within the province of this court to decide the matter. Since the judgment entered disposed of all of Ruiz's claims, he is not entitled to further hearing as to rehabilitation benefits.