697 P.2d 959

**Elaine Marie HOLLIDAY as the Personal Representative of the Estate of William Holliday, Plaintiff-Appellant,**

**v.**

**The TALK OF THE TOWN, INC., and New Hampshire Insurance Group, Defendants-Appellees.**

**No. 7528.**

Court of Appeals of New Mexico.

March 14, 1985.

Robert G. Kavanagh, Threet & King, Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P.A., Santa Fe, for defendants-appellees.

**OPINION**

WOOD, Judge.

Holliday suffered an accidental injury to two fingers on his left hand on July 25, 1974. Judgment was entered in March

1976 for a scheduled injury. Holliday and his attorney signed a satisfaction of judgment and release in full. In May 1979, Holliday petitioned for an increase in compensation under NMSA 1978, Section 52-1-56(A). Statutory references hereinafter are to the Workmen's Compensation Act, NMSA 1978, Sections 52-1-1 to -69. The petition for an increase was denied and the denial was affirmed on appeal. *Holliday v. Talk of the Town, Inc.*, 98 N.M. 354, 648 P.2d 812 (Ct.App.1982). In March 1983, Holliday filed his second petition for an increase in compensation alleging that his "disabilities have become more aggravated or have increased without fault * * *." The trial court granted defendants' motion for summary judgment; Holliday appealed. A suggestion of Holliday's death was filed. This court granted the motion to substitute the plaintiff identified in the caption as the plaintiff-appellant.

On the basis of Holliday's death, defendants moved to summarily dismiss the appeal or summarily affirm the trial court's summary judgment. We decide this motion in the first issue, discussing the payment of disability benefits after death. The trial court granted summary judgment on two grounds—the release and res judicata. In the second issue, we discuss the effect of the release and affirm the summary judgment on that basis. Thus, we do not reach the res judicata question.

## PAYMENT OF DISABILITY BENEFITS AFTER DEATH

The denial of the second petition for an increase in compensation benefits was on appeal at the time of Holliday's death in December 1983. The second petition was for disability benefits. A claim for death benefits is not involved. Section 52-1-46. The disability benefits sought are for disability "[s]ince the last hearing," which occurred October 9, 1981, until death in December 1983.

Defendants claim that there can be no recovery for disability benefits inasmuch as Holliday has died. They rely on Section 52-1-47(C) which provides that "in no case shall compensation benefits for disability continue after the disability ends or after the death of the injured workman[.]" This section provides that compensation benefits for disability terminate upon death of the worker. This section does not prohibit the payment of disability benefits to which the worker was entitled prior to death. Defendants state that Section 52-1-47 places a limitation on all the benefits authorized by Sections 52-1-41 to -46. Our response is that Section 52-1-47 says nothing about payment of disability benefits to which the worker was entitled prior to death.

■ Defendants also rely on *Clauss v. Electronic City*, 93 N.M. 75, 77, 596 P.2d 518 (Ct.App.1979), which states, "it would seem that the legislative intent was to only give benefits to those who were 'eligible dependents' and not 'heirs' as in the case of descent and distribution." According to defendants, even if there had been an unpaid award of disability benefits prior to Holliday's death, "the general rule is that there is no right on the part of the estate, heirs or dependants [sic] to make a claim upon those awarded but unaccrued payments." We agree; awarded but unaccrued benefits for disability terminate upon death. Section 52-1-47(C). This case does not involve awarded but unaccrued compensation benefits. The issue is whether there may be a recovery after death for disability prior to death. *Clauss* does not address this issue. In *Clauss* the widow was receiving worker's compensation death benefits. The widow died. The trial court ordered the payment of the widow's death benefits which accrued prior to her death; this payment was not an issue on appeal. The question in *Clauss* was whether the widow's death benefits terminated upon her death. We held they terminated, there being no other eligible dependents.

Plaintiff contends that recovery for pre-death disability benefits is authorized by Section 52-1-31(B). We disagree. That section "authorizes a claim for benefits for the death of a worker." *Shaw v. Warner*, 101 N.M. 22, 677 P.2d 635, 638 (Ct.App. 1984).

Section 52-1-31(A) provides it is the duty of a worker "insisting on the payment of compensation to file a claim" as provided in the Workmen's Compensation Act. Holliday filed a claim for increased compensation. Section 52-1-56(A). Holliday's claim, whether or not meritorious, was authorized. These provisions, however, do not answer our question. The question is answered, albeit indirectly, in Section 52-1-46(A) and (B), which provide that in an award of death benefits there is also to be an award for "sums which the deceased should have been paid for compensation benefits up to the time of his death[.]"

2 A. Larson, *The Law of Workmen's Compensation* Section 58.44 (1983) indicates that our question has been answered in different ways:

If the injured employee dies before a formal award has been made, the impact of this fact may vary considerably between jurisdictions as a result of the many statutory and other variables affecting the result. In some states an award may be made even if claim had not been filed at the time of death, while in others proceedings cannot be initiated for the first time by the survivors. If a claim had been filed by the injured worker, but no award made at the time of his death, many courts, but by no means all, will find the claim not abated by the intervening death. The same is usually held if death occured [sic] after an award was made but while it was pending on appeal, even if the original award was a denial.

(Footnotes omitted.)

■ Inasmuch as Holliday had sought an increase in disability benefits prior to death and was appealing an adverse summary judgment at the time of death, and inasmuch as Section 52-1-46(A) and (B) authorize the payment, after death, of benefits that "should have been paid" prior to death, we hold that the claim did not abate by reason of Holliday's death. *See Reed v. Industrial Commission*, 104 Ariz. 412, 454 P.2d 157 (1969); *Redenbaugh v. State Department of Social Welfare*, 187 Kan. 320, 356 P.2d 794 (1960); *Powell v. Department of Labor & Industries*, 79 Wash.2d 378, 485 P.2d 990 (1971).

The motion to summarily dismiss, or in the alternative to summarily affirm, is denied.

**THE RELEASE**

Defendants paid the judgment for scheduled injury benefits and obtained a satisfaction of judgment. As a part of the same document, Holliday and his attorney executed a release. The release portion of the document states: "[U]pon the filing of this Satisfaction of Judgment, signed by Plaintiff and his attorney, that Defendants, and each of them, shall fully and finally be released and discharged from any further claim by Plaintiff on account of the accident, injury and disabilities alleged in the Complaint."

Plaintiff asserts this release is not effective to bar the second petition for increased disability benefits for two reasons. Plaintiff relies on *Ruiz v. City of Albuquerque*, 91 N.M. 526, 577 P.2d 424 (Ct.App.1978), for both arguments.

The first contention is that the release did not cover future benefits, or "unknown, or unanticipated, complications or aggravations of the injury which was the subject of the * * * release." In *Ruiz* the stipulation released only claims described in the complaint and the judgment released any and all claims. Because of the conflict, *Ruiz* held that the claims released were those identified in the stipulation signed by Ruiz and his attorney. There is no conflict between the release and judgment in this case.

Plaintiff's contention is that only injuries alleged in the complaint were released and, thus, the release did not cover the "aggravated" or "increased" injury on which the second petition was based. Defendants respond that Section 52-1-56(A) refers to increases in disability, not injury. *See Holliday.* Defendants assert that the disability alleged in the complaint was total permanent disability and that the release applies to any disability alleged in the complaint.

Because the disability alleged in the complaint is based on an unidentified injury, we do not decide the release issue on the basis of defendants' response. At this point we do no more than answer plaintiff's contention. Our answer is that there is more in the release than a reference to injury and disability, that the additional language, discussed subsequently, applies to the claim for aggravated or increased disability.

■ The second contention is based on the holding in *Ruiz* that words in a release are not to be construed to operate as a release of claims which the parties did not intend to be released. Plaintiff asserts that there was no intention to release a claim for future benefits. Defendants' motion for summary judgment was based on the release. There is nothing suggesting the release was invalid. *Cf. Ratzlaff v. Seven Bar Flying Service, Inc.*, 98 N.M. 159, 646 P.2d 586 (Ct.App.1982). There is nothing suggesting the intent of the parties was other than as stated in the release. The "intention" must be determined from the language used in the release. *See Dinkle v. Denton*, 68 N.M. 108, 359 P.2d 345 (1961). Plaintiff does not suggest otherwise. Defendants, on appeal, seek to sustain the summary judgment by going beyond the release.

Defendants assert that the judgment for scheduled injury benefits was a negotiated, stipulated lump-sum judgment that was satisfied. On this basis defendants contend that plaintiff is barred from seeking increased disability benefits under *Durham v. Gulf Interstate Engineering Co.*, 74 N.M. 277, 393 P.2d 15 (1964). In the absence of affidavits, depositions or evidence, this contention is necessarily based on the trial court record. The record contains a stipulation to the effect that defendants paid temporary total compensation benefits and tendered a lump-sum payment on the basis of a scheduled injury, that Holliday rejected the lump-sum payment tendered on two grounds: (1) that his injury was not covered by the Workmen's Compensation Act, (2) but if it was, his disability was not limited to scheduled injury benefits. The record also shows a judgment for scheduled injury benefits. That judgment recites it was entered after hearing testimony at a trial on the merits. The record does not show a negotiated, stipulated or lump-sum judgment. *Durham* is not applicable. *See Burton v. Jennings Brothers*, 88 N.M. 95, 537 P.2d 703 (Ct.App.1975).

■ Holliday "released and discharged [Defendants] from any further claim ... on account of the accident ... alleged in the Complaint." The accident alleged was the accident of July 25, 1974. The claim for increased disability benefits was based on that accident. The intent to release any further claim based on the accident is unambiguous. We need not consider the release words "injury and disabilities" because we give effect to the release of any claims based on the accident. *See Ruiz.*

The summary judgment in favor of defendants is affirmed. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J. and NEAL, J., concur.