467 So.2d 733 (1985)
WATERFRONT DEVELOPERS, INC., Appellant,
v.
The CITY OF MIAMI BEACH, the Miami Beach Redevelopment Agency, and Carner-Mason Associates, Ltd., Appellees.
No. 84-1414.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Rehearing Denied May 7, 1985.
*734 David H. Nevel and Debra L. Cholodofsky, Miami Beach, for appellant.
Arnold M. Weiner, City Atty. and Jean K. Olin and Rafael Suarez-Rivas, Asst. City Attys., Cypen, Cypen & Dribin and Wayne A. Cypen, Miami Beach, for appellees.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
This appeal questions the propriety of a final summary judgment for the defendants. We affirm.
An action on behalf of a partnership, or joint venture, requires all partners, or joint venturers, to be parties to the action. Deal Farms, Inc., v. Farm & Ranch Supply, Inc., 382 So.2d 888 (Fla. 1st DCA 1980); Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3d DCA 1975); Elting Center Corporation v. Diversified Title Corp. 306 So.2d 542 (Fla. 3d DCA 1975). To maintain an action as a citizen-taxpayer, special injury, apart from that suffered by the citizenry as a whole, must be alleged, Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983); Paul v. Blake, 376 So.2d 256 (Fla. 3d DCA 1979). Additionally a release by one partner of a partnership claim is a release as to all partners. Pettigrew & Bailey v. Pickle, 429 So.2d 340 (Fla. 3d DCA 1983); Section 620.60 Florida Statutes (1981).
The appellant has also urged error in certain protective orders. We find no abuse of discretion in the entry of the first instance, Rosaler v. Rosaler, 442 So.2d 1018 (Fla. 3d DCA 1983); Atrio v. Consolidated Industries, Inc. v. Southeast Bank, 434 So.2d 349 (Fla. 3d DCA 1983); Abelson v. Bosem, 329 So.2d 330 (Fla. 3d DCA 1976), and second, under the ultimate holding in this case, if there was error (which we do not find) it would now be moot. Therefore for the reasons above stated the final summary judgment under review be and the same is hereby affirmed.