BLUE, Judge.
Timothy Hennessy appeals the final summary judgment entered for White Mop Wringer Company (White Mop) in this contract dispute. The trial court granted the summary judgment based on a settlement between White Mop and Hennessy’s co-party to the contract, Birmingham Paper & Chemical Company, Inc. (Birmingham Paper). The trial court agreed with White Mop that a release by Birmingham Paper constituted a release by Hennessy. We reverse because, at a minimum, there is a genuine issue of material fact as to whether Birmingham Paper intended to extinguish Hennessy’s claims by its settlement with White Mop.
Hennessy and Birmingham Paper were co-parties to an agency agreement with White Mop whereby Hennessy and Birmingham Paper became commissioned sales agents for White Mop. White Mop attempted to terminate the agency agreement pursuant to the contract termination clause, and sought a declaratory judgment against Hennessy and Birmingham Paper to interpret the final terms and conditions of the contract termination. Hennessy and Birmingham Paper filed a counterclaim seeking damages from White Mop under the contract.
After Hennessy and Birmingham Paper filed the counterclaim, Birmingham Paper *1089 filed for Chapter 7 bankruptcy protection. The bankruptcy trustee negotiated an agreement with White Mop purporting to settle the respective claims and counterclaims between Birmingham Paper and White Mop. After approval of the settlement by the bankruptcy court, the trustee executed a release in favor of White Mop and entered into a joint stipulation of dismissal with White Mop in the case underlying this appeal. Hennessy was not a party to either the release or the stipulation. The stipulation declared that Birmingham Paper and White Mop did not intend for the claims between Hennessy and White Mop to be dismissed. The trial court’s order approving the dismissal of the claims between Birmingham Paper and White Mop explicitly stated that the claims between Hennessy and White Mop were not dismissed.
After the entry of the court’s order dismissing Birmingham Paper from the underlying case, White Mop filed an amended motion for summary judgment against Hennessy. White Mop asserted that because Hennessy and Birmingham Paper were co-parties to the contract, a release by Birmingham Paper extinguished Hennessy’s claim as a matter of law. The trial court accepted White Mop’s argument that the release by one co-obligee constitutes a release by the second co-obligee and granted summary judgment against Hennessy.
The issue in this case is not whether a release by one joint obligee binds all joint obligees, but whether a release by one joint obligee that manifests an intention not to bind a second joint obligee is nevertheless binding on the second joint obligee. All of the eases relied on by White Mop were decided at least in part under Florida partnership law. See Pettigrew and Bailey v. Pickle, 429 So.2d 340, 342 (Fla. 3d DCA 1983) (finding a release by the general partner of a defunct law firm barred other partners from asserting a later action because the release constituted “an act appropriate to winding up the partnership” under section 620.73, Florida Statutes (1975)); see also Waterfront Developers, Inc. v. City of Miami Beach, 467 So.2d 733 (Fla. 3d DCA 1985) (finding a release by one partner of a partnership claim is a release to all partners under section 620.60, Florida Statutes (1981)); Tischler v. Kurtz, 35 Fla. 323, 328,17 So. 661, 663 (1895) (finding a lease executed by one partner was binding on the partnership if the “acts or declarations of the other partners” either expressly or impliedly approved the agreement).
White Mop’s reliance on these cases is misplaced for two reasons: first, Hennessy and Birmingham Paper were not partners subject to partnership law; and, second, none of the eases involved a release or stipulation that explicitly reserved the rights of another party. Indeed, Waterfront Developers states that “[a]n action on behalf of a partnership, or joint venture, requires all partners, or joint venturers, to be parties to the action.” 467 So.2d at 733. On that basis, Hennessy should not be bound by Birmingham Paper’s release of White Mop because Hennessy was not a party to the release or stipulation.
We have not found, nor have the parties cited, any binding Florida authority on the exact issue presented. However, there is legal authority and case law from other jurisdictions supporting the premise that a release by one joint obligee does not always release other co-obligees. The Second Restatement of Contracts § 299 states that any one joint obligee has the power to discharge a promisor. Comment (c) explains:
Where one joint obligee settles with the promisor for something less than full performance, he may purport to settle the claim of all the obligees or only his own share. Which agreement is made depends on the manifested intention of the parties to the settlement.... A settlement of one obligee’s share which purported to discharge the claim of all would ordinarily be invalid.
Rest.2d Contracts § 299, comment (c).
The restatement notes refer to Dinkle v. Denton, 68 N.M. 108, 359 P.2d 345 (1961). In Dinkle, the court found that a release by one co-obligee only discharges the obligation to another co-obligee when both the co-obli-gee executing the release and the obligor receiving it intend to extinguish the whole obligation, or when such intention is pre *1090 sumed to exist. Dinkle, 359 P.2d at 347. “When a contrary intent is obvious and apparent, the rule cannot apply.” Id. See also Brooks v. Ward, 287 Ala. 609, 254 So.2d 175 (1971) (where a husband and wife were joint payees of a note to the husband’s daughter and son-in-law, the court found an oral release by the husband was not effective against the wife because the wife was not present and neither authorized nor ratified the release); Peck v. Lampkin, 200 Ala. 132, 75 So. 580 (1917) (cited in Brooks, 254 So.2d at 179) (for a joint obligee to release part of a jointly held demand, he must have the express previous authorization or ratification of the co-obligee).
Although Florida courts have not specifically addressed a release by one joint obli-gee, we find the Florida Supreme Court’s analysis addressing an obligee’s release of one joint obligor to be instructive. In Stephen Bodzo Realty, Inc. v. Willits Int’l Corp., 428 So.2d 225, 227 (Fla.1983), Bodzo Realty had an agreement to provide consulting services to two corporations. After the corporations defaulted on the agreement, Bodzo Realty settled with one of the two joint obligors. The court, answering a certified question, found that a written release of one joint obligor does not release all other joint obligors when the release expressly states that it is not the intention of the obligee to release any other obligor. Id. The court expressly receded from its earlier decision in Penza v. Neckles, 344 So.2d 1282 (Fla.1977):
To allow these respondents to escape this obligation by relying on a document executed by others who had no intention of releasing them is the epitome of manifest injustice.... Reconsideration of Penza has convinced this Court of the necessity in the instant ease for correcting the ‘dead error’ of that decision and to remedy an obvious injustice.
Bodzo Realty, 428 So.2d at 227.
We believe the supreme court’s reasoning on joint obligors is applicable to this court’s consideration of this case. We see no reason why the unfairness to Hennessy is any less “an obvious injustice” than the unfairness to Bodzo Realty. Hennessy never agreed to release White Mop. In addition, the joint stipulation by White Mop and Birmingham Paper stated the parties did not intend to dismiss Hennessy⅛ claim'. Because there was a genuine issue of material fact as to whether the parties intended Hennessy’s claim to be extinguished by Birmingham Paper’s settlement with White Mop, summary judgment was not appropriate. See Rem-Con Communications, Inc. v. United American Bank of Memphis, 668 So.2d 320, 322 (Fla. 2d DCA 1996) (“If there is even the slightest possibility of a genuine issue of material fact, summary judgment is improper.”).
Accordingly, we reverse the summary judgment and remand for further proceedings.
PARKER, A.C.J., and ALTENBERND, J., concur.